
BROTHERTON *vs.* WRIGHT.

Where a *plea of title* is interposed in an action of *quare clausum fregit* in a justice's court, and the plaintiff proceeds in the common pleas, and the defendant there pleads the *general issue* and accompanies such plea with a notice of title in himself and also title in others, the common pleas may disregard the pleadings before them, so far as to limit the defence to the plea of title ; and if the defendant fails to show title in himself, to direct a verdict for the plaintiff.

The justice before whom the suit was commenced may prove the pleadings exhibited before him, without producing his docket or a transcript.

It is sufficient that the declarations in two counts be substantially alike..

A plaintiff in a case thus removed to the common pleas by a plea of title, is entitled to full costs.

ERROR from the Onondaga common pleas. Wright sued Brotherton in a justice's court, and declared in trespass *quare clausum fregit*, setting forth the close by abuttals ; to which the defendant pleaded *title*, and gave bond for his appearance in the common pleas, if the plaintiff should elect to prosecute his suit there. The plaintiff prosecuted his suit in the common pleas, and declared for a trespass upon the same close. The defendant now put in a plea of the *general issue*, and accompanied the same with a notice that he would, on the trial of the cause, prove *title* in himself, and also in two other persons. On the trial, the justice before whom the suit was brought was called as a witness by the plaintiff, and identified the *declaration* and *plea* put in before him. The defendant objected to this proof, unless the justice's *docket* was produced. The court overruled the objection. The defendant objected to the plaintiff's showing the present suit to be brought for the same cause of action prosecuted before the justice, because the declarations in the two courts *varied* in the description of the *locus in quo*, and in the trespass charged. The declarations were substantially alike, and the plaintiff's counsel stated that he would ask for only nominal damages. The court overruled the objection, and decided that they would confine the plaintiff to the causes of action stated in the declaration before the justice. The plaintiff then asked the court to *strike*

out the plea of the general issue, and that part of the notice subjoined thereto which set up title in third persons. The court ruled that they would limit the defendant in his proofs to the plea of title put in by him before the justice, and thereupon the plaintiff rested. The defendant applied for a nonsuit, which was denied. He then read in evidence a deed from Peter Smith to Daniel Brotherton, bearing date 9th March, 1818, conveying certain premises described as land patented to the grantor by the state, and also a deed from Daniel Brotherton to Daniel Brotherton, jun., the defendant in this cause, dated in April, 1820, conveying fifty acres, part of the premises conveyed by Smith, and proved that the premises described in the deed last mentioned were the same as those described in the plaintiff's declaration. Testimony was then adduced in reference to the *possessions* of the *locus in quo* by the plaintiff and by the defendant, and the court thereupon charged the jury that the evidence adduced by the defendant did not show title in him, and that the jury ought to find a verdict for the plaintiff for at least nominal damages, if satisfied that the plaintiff was in possession of the premises at the time of the alleged trespass, in the summer of 1831, which they should consider admitted by the plea of title. The jury found for the plaintiff, with *six cents* damages. The court gave the plaintiff *full costs*, on the ground of the plea of title having been interposed in the justice's court, and judgment was accordingly rendered for $45,67 damages and costs. The defendant having excepted to the several decisions made by the common pleas, and to the charge to the jury, and procured a bill of exceptions to be sealed, sued out a writ of error.

*G. Lawrence*, for plaintiff in error.

*H. F. Mather*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. I will consider the exceptions in the order in which they arose in the court below. The common pleas decided correctly in receiving the testimony of the justice, without requiring the production of his dock-

et.   The *Revised Statutes, vol.* 2, *p.* 270, § 248, provide that "the proceedings in any cause, had before a justice, may be proved by the oath of the justice." By the previous sections, it had been provided that a justice's docket, or a transcript certified by him, shall be good evidence before himself; and a transcript signed by him, verified by a certificate of the county clerk, shall be evidence in all courts.   The section referred to then provides that the proceedings before a justice may be proved by his oath.   The evidence here embraced the pleadings only; which was proper, particularly as they were produced in court.   In 10 *Wendell,* 596, Nelson, justice, says that the contents of the docket cannot be proved by parol. Here no *contents* of the docket were proved, except the pleadings which were produced.

There is no material variance between the declaration before the justice and the declaration in the common pleas. The words of the statute are , that "the plaintiff in such suit shall declare only for the same cause of action whereon he relied before the justice."   The two declarations agree in stating that the trespass was committed on the same lot as described by metes and bounds, and the trespass is laid on the same day.   The declaration in the common pleas, like many other pleadings, contains a great deal of useless verbiage, but surplusage does not vitiate, nor in this case does it prove a variance.

The court decided that the defendant must be confined to the defence before the justice.   The language of the statute is explicit, that "the plaintiff shall declare only for the same cause of action whereon he relied before the justice ; and the plea or plea and notice of the defendant shall be the same which he tendered to the justice."   In the case of *Tuthill* v. *Clark,* 11 *Wendell,* 644, and 12 *id.* 207, it was held, that in case the parties in the common pleas departed from the pleadings before the justice, the proper mode of correcting the proceeding was by special motion ; but if both parties go to trial under a different state of pleadings, without making such motion, the suit in such case must be considered an original suit in the common pleas.   In this case, it has already been remarked that the declaration is substantially the same in both

NEW-YORK,
May, 1836.

Brotherton
v.
Wright.

courts. The plea before the justice was a plea of title simply ; in the common pleas the defendant pleaded the *general issue*, and gave notice of title in himself, and also title in two others. The plaintiff was therefore correct in moving to confine the defendant to his defence before the justice, and it was not too late to make the motion at the trial. 7 *Cowen*, 346. In this court it would be the subject of a motion at a special term. Probably the better mode of practice would have been to have moved to strike out the defendant's plea and notice ; but that was a question of practice. The pleadings in the common pleas ought to present the same issue which was presented in the justice's court. Under our former statutes, the defendant was bound to plead title alone ; but under that plea, he might show possession or title *out* of the plaintiff. By the revised statutes, the defendant may plead title specially, or may plead the general issue and give notice to that effect, and such plea and notice may be joined with any other proper plea to the action, 2 *R. S.* 236, § 59 ; but whatever may be the form of the plea before the justice, the same form must be pursued in the common pleas. The court therefore did all they could to put the parties in the position in which they ought to have put themselves ; they decided correctly.

The court were right also in refusing a nonsuit. The plea pleaded by the defendant in the justice's court admitted the trespass ; and as the court had restored the pleadings to the same issue presented before the justice, the pleadings themselves admitted the trespass, and no proof therefore was necessary. Had it been necessary, sufficient was given by the defendant's witnesses.

The court correctly charged the jury that the defendant had failed in showing title in himself. The issue was upon the defendant's title, not the plaintiff's ; and the evidence does not sustain that issue. He should have proved title from the state to himself, or from some person who was admitted by the plaintiff to have had the title ; but no evidence of that kind was given. He produced title from Peter Smith, but for any thing appearing in this case, Peter Smith never had title ; and therefore the defendant had none.

As the title to land was the issue before the court, and the cause was carried into the common pleas by the plea of the defendant, the court decided right upon the question of costs.

Judgment affirmed.