should be delivered. The plaintiff disregarded the order, and entered a default for not pleading on the 15th May.

*A. Taber*, for the plaintiff.

*By the Court*, BRONSON, J. A *bill of particulars* was served with the declaration, and although it was furnished without any order for that purpose, the plaintiff was bound by it. *Williams* v. *Allen*, 7 Cowen, 316. If the defendants thought it insufficient, they should have applied for a *further* bill, or a more particular account of the demand for which the action was brought. The order for a bill of particulars, when one had already been delivered, was properly treated as a nullity. The particulars delivered were sufficiently specific, and the order was probably obtained from the commissioner without disclosing to him the true state of the case, and for the purpose of throwing the plaintiff over the Seneca circuit. But there is an affidavit of merits, and on that ground the defendants will be allowed to plead on payment of costs and consenting that the venue be changed to the county of Cayuga, which will enable the plaintiff to obtain a speedy trial.

Rule accordingly.

---

THE PEOPLE, *ex relatione* Proctor *vs*. ALBANY C. P.

Where the defendant has pleaded title to a declaration of trespass quare clausum fregit in a justice's court, the plaintiff, if he prosecutes the suit in the C. P., may there declare particularly describing the close, although he did not do so in the justice's court.

If it be made to appear that the plaintiff, in his declaration in the C. P., proceeds for a trespass upon premises other than those on which he alleged before the justice the trespass was committed, or if the defendant has been misled, the C. P. may, on either of those grounds, grant relief, but not for the alleged departure in pleading.

MOTION for *mandamus*. McCormick sued the relator be- June, 1838. fore a justice of the peace, and declared in trespass for breaking and entering his close situate in the town of Bethlehem. The declaration was general, and contained *no*

*description of the close.* The defendant pleaded title ; Mc-
Cormick thereupon brought an action in the common pleas,
and in his declaration *described particularly the close* in
which the trespass was alleged to have been committed.
Proctor moved the C. P. to set aside the declaration on the
ground of *departure* from the declaration before the justice.
The motion was denied, and he now asks a *mandamus* to
the C. P. requiring them to grant his application.

*R. W. Peckham* make the motion *ex parte.*

*By the Court,* Bronson, J.  When the defendant pleads
title before the justice, and the plaintiff attempts to continue
the proceeding, he must declare in the common pleas " for
the same cause of action whereon he relied before the jus-
tice."  2 R. S. 237, § 64.  There is no proof that the cause
of action on which the plaintiff relied was not the same in
both courts.  The declaration in the C. P. differs in *form*
from that before the justice, and this must often be the case
or the pleading would be had on demurrer.  It also differs
from the original declaration in setting out the abuttals or a
particular description or the close, but it does not follow that
the trespass or cause of action on which the plaintiff relies
is not the same now as it was before the justice.  Whether
the same or not, is a question which should be settled on
motion.  *Tuthill* v. *Clark,* 11 Wendell, 642, and 12 id. 207.
It is said that the plaintiff should have new assigned be-
fore the justice.  Conceding that he might have done so,
yet he ought not to lose his action because the pleadings
there, were less formal than is usual in courts of record.
Should he go to trial on the pleadings as they stood before
the justice, it will be enough for the defendant to prove that
he had title to any close in the town of Bethlehem ; and then
there must be a verdict for the defendant, although there
has actually been a trespass on the plaintiff's land, and al-
though the defendant knew what particular close was in-
tended by the plaintiff.  To avoid this injustice, the plaintiff,
in declaring in the common pleas, has given a particular
description of the close ; and I think he should be allowed

to do so, unless it appear that the cause of action is different from that on which he relied at first, or that the defendant has been misled. The defendant might have required a particular description of the plaintiff's close before putting in his plea. As he neglected to do so, and the plaintiff did not new assign, the parties ought to be allowed to put their pleadings in such form in the C. P. as will best carry out the provisions of the statute. 12 Wendell, 207. The court of C. P. was right in refusing to set aside the declaration.