## SUPREME COURT.

### JOHN McNAMARA agt. JOSEPH L. BITELEY.

Where title is set up in a Justice's Court by answer, under the code of 1849, and a new suit is instituted in the Supreme Court, for the same cause of action to which the defendant interposes the same answer as before the justice, a reply in this court on the part of the plaintiff is not necessary; and if put in, will be struck out on motion.

The case of *Royce* v. *Brown*, 3 Howard's Sp. T. Rep. 391, was under the code of 1848, which has been altered as to the code of 1849, as to pleadings in causes arising in Justices' Court.

Under the code of 1849, a reply to an answer in the Justice's Court is not necessary, in any case. The cause is at issue before the justice without it.

In April last the plaintiff commenced an action before a justice of the peace of the county of Saratoga. On the joining of the issue, the plaintiff complained against the defendant as follows: "The plaintiff complains and says that on or about the second day of March, 1849, he purchased of one John Haley, for a valuable consideration, a dwelling-house or shanty, situate in the town of Moreau in the county of Saratoga, that the said defendant has since that time taken down and converted a part, or all of the said shanty, belonging to the plaintiff, to his own use, to the great damage and injury of the plaintiff. Whereupon the plaintiff demands judgment against the defendant for fifteen dollars, with interest from the first day of April, 1849." Signed, &c.

The answer of the defendant was in writing, as follows: "Defendant answers the complaint in this cause, and says that the shanty referred to in complaint was not the property of the plaintiff. That said shanty was on the lands of the defendant and a part of the realty; that said shanty was unoccupied and was not leased, let, or in any way conveyed to said plaintiff; that John Haley never owned said shanty, or had a deed or conveyance of the same, or authority to sell the same to plaintiff or any one; that defendant never converted any stuff of plaintiff's to his use." Signed, &c.

This answer was delivered to the justice, who countersigned the same, and delivered it to the plaintiff. The defendant also gave the written undertaking required by § 56 of the Code of Procedure, and the suit was thereupon discontinued before the justice.

About the 10th of May the plaintiff commenced an action in this court for the same cause of action as before the justice, and deposited with the justice a summons and complaint, as required by the code, the said complaint being in substance the same as that before the justice. The defendant, on the 19th of May, gave an admission of service, and on the 30th May served a copy of his answer, being the same in substance as the one used before the justice. The plaintiff afterwards, and within the time required for that purpose, served a reply to the said answer, in substance as follows: "The above-named plaintiff replies to the answer of the above-named defendant, and says that the shanty referred to in the complaint was the property of the plaintiff, and that John Haley, of whom the plaintiff purchased the same, had a right to sell and convey the shanty to the plaintiff, he, the said Haley, being the lawful owner of the said shanty at the time that he conveyed the same to the plaintiff.

"And the plaintiff further replies, that if the said shanty was upon the lands of the defendant, it was put there by the consent of the defendant, with the express understanding that the owner of the said shanty might remove the same from the premises of the defendant, and that the same was not to become a part of the defendant's realty, and that the defendant was not to have any claim upon, or exercise any control over the said shanty.

"And the plaintiff alleges that the defendant has converted the said shanty as stated in the complaint; and that the said shanty, at the time of such conversion, was the property of the plaintiff." Signed, &c.

A motion was made by the plaintiff before WILLARD, J., at special term, to strike out said reply.

A. D. WAIT, *for the plaintiff*, contended that the reply was a *depart-*

*ure* from the complaint. He insisted that after the answer was put in before the justice, the plaintiff should have amended the complaint, and then the justice would have had jurisdiction. He cited the *People, &c.* v. *Rensselaer Common Pleas*, 2 Wend. 647; *Tuthill* v. *Clark*, 11 Wend. 644; and 12 Wend. 207; and *Brotherson* v. *Wright*, 15 Wend. 237.

A. MEEKER, *contra*, cited Code of Procedure, § 56–63.

WILLARD, Justice.—The action before the justice, according to the former classification of actions, was trover for a shanty. It contained but one count, setting up, in the briefest form, the ownership of the plaintiff and the conversion by the defendant. Under the act for the recovery of debts to the value of twenty-five dollars, passed April 5, 1813, the plea of title could only be interposed before a justice in an action of *trespass* on land or other real estate, and if the title to land in other actions, came in question, the justice was ousted of jurisdiction without plea. (1 R. L. 387, 388, § 1–7.) The 9th section of the act of 1824, which extended the jurisdiction of justices of the peace to fifty dollars, allowed the plea of title to be interposed *in any action* wherein the title should come in question, and in other respects left the jurisdiction as before. The Revised Statutes contain the same provisions, with some slight modifications. ( 2 R. S. 236, 237, §§ 59–66,) and the same sections are re-enacted in the Code of Procedure, with some trifling changes in the phraseology. (Code of Procedure, §§ 55–63.) By the existing law, therefore, the defendant may, or may not, at his election at the joining of issue in any action before a justice, interpose, by way of defence, in his answer, matter showing that title to land will come in question. If the requisite steps be taken, as prescribed in the code, and the plaintiff, within the time required for that purpose, commences an action in this court for the same cause, and complains for the same cause of action only on which he relied before the justice, the answer of the defendant must be the same which he made before the justice. (Code, § 60.) If the judgment be for the plaintiff, in the Supreme Court, he shall recover costs. If it be for the defendant, he shall recover costs, except that upon a verdict he shall pay costs to the plaintiff, unless the judge certify that the title to real property came in question on the trial. (§ 61.) If the plaintiff complains for a different cause of action, or the defendant sets up a different defence in his answer, from that used before the justice, the proper remedy of the adverse party is by motion to this court, to strike out the pleading, and require it to be conformed to that which was interposed in the court below. (See per SAVAGE, Ch. J.

in *Brotherson* v. *Wright*, 15 Wend. 240, and *Tuthill* v. *Clark*, 11 Wend. 642.)

The defendant was not bound to interpose title as a defence in this case, in order to deprive the justice of jurisdiction: for if it should appear on the trial, from the plaintiff's own showing, that the title to real property was in question, and such title should be disputed by the defendant, the justice was required to dismiss the action and to render judgment against the plaintiff for his costs. (Code, § 59.) The law was the same before the code. (2 R. S. 237, § 63.) In *Royce* v. *Brown*, 3 Howard's Sp. T. Rep. 391, I intimated that when an action commenced before a justice, and arrested there by an answer setting up title, was followed up by an action in this court for the same cause of action, the plaintiff must reply to the defendant's answer, or it would be taken as admitted. That case arose and was decided under the code of 1848, the 57th section of which made the provisions of the act relative to pleadings, applicable to suits in justices' courts. Hence, every material allegation in the answer not specifically controverted in the reply must, by § 144 of the code of 1848, be taken as true. But the code of 1849, under which the present suit is brought, has omitted the 57th section of the old code, and substituted for it the 64th section of the new code, which limits the pleadings in justices' courts to the *complaint* on the part of the plaintiff, and the *answer* on the part of the defendant, allowing either party to demur to his adversary's pleading, or any part thereof, when it is not sufficiently explicit to enable him to understand it, or it contains no cause of action or defence, although it be taken to be true. No *reply* is required or permitted to be interposed to an answer, whether it sets up new matter or not. And hence the 168th section of the new code, which is the same as the 144th section of the old code, is not applicable to pleadings in justices' courts. The answer may contain a denial of the complaint or any part thereof, and also notice in a plain and direct manner of any facts constituting a defence. Pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended. (§ 64, sub. 4, 5.) The answer in this case before the justice should be treated merely as denying the plaintiff's cause of action, and setting up for the purpose of ousting the justice from jurisdiction, title in the premises by way of notice. On a new action being brought in this court, the 60th section obviously contemplates that the complaint and answer shall be as before the justice, without any further or additional pleadings. The case of *Royce* v. *Brown*, *supra*, is not applicable to actions under the code of 1849. There is no doubt that

one object of the changes in the new code was to obviate the embarrassments growing out of the application of the rules of pleading to justices' courts, some of which were exemplified in that case.

The reason why, under the code of 1848, and also under the practice which preceded it, the plaintiff must reply in this court to the plea of title was, that without such reply, the cause would not have been at issue in the court below, had it remained there. It was necessary, therefore, when it was brought into this court, or into the Court of Common Pleas, under the old practice, by a new action for the same cause of action, and which, in truth, was a mere continuation of the action before the justice, that the pleading should be continued to the same point necessary to form an issue in the court below. In short, as the pleadings in the two courts were alike, a reply in the court above was indispensable. The same mode of reasoning applied to the code of 1849, renders a reply unnecessary. The cause was, in fact, at issue before the justice and ready for trial the moment the defendant delivered his plea and the undertaking in writing. Had he failed to deliver the undertaking, the justice must have proceeded to the trial on the issue thus formed.   (Code, § 58.)

The plaintiff in this case was irregular, when he put in a reply in this court.   He overlooked the alteration which has been made in the code of 1849, in the pleadings in justices' courts—and he was thus misled by the decision in *Royce* v. *Brown*, *supra*, which is not applicable to the existing code.

It may possibly happen that the defendant may be liable for full costs in this court, although the plaintiff may recover only fifteen dollars.   This is the penalty he incurs for improperly so pleading as to oust the justice of jurisdiction, if it shall ultimately turn out that title does not come in question.   The defendant was not *bound* to plead title. He acted at his peril in doing so and must take the consequences.

The motion to strike out the reply must be granted, but without costs for the reasons which have been stated.