Wiggins and others agt. Tallmadge.

# COURT OF APPEALS.

WIGGINS AND OTHERS Comm'rs of Highways &c. agt. TALLMADGE.

Where a defendant fails to comply literally with the terms of an undertaking filed with a justice of the peace, on raising a question of title ($ 56), by omitting to give the *written admission* of service of the summons and complaint, but puts in his answer in the Supreme Court, and the plaintiff accepts it without such admission, *held*, a substantial performance, and that the waiver does not affect the identity of the suits before the justice and in the Supreme Court.

The Code ($ 60) says that "the answer of the defendant shall be the same which he made before the justice." But this does not require the defendant to use the identical words in his second answer, only the same *substantial defence*.

And the defendant may abandon part of his defence before the justice, when he comes to answer in the Supreme Court and yet the defence may be the same, within the meaning of the statute.

Where the suits in the Justice's Court and Supreme Court are identical, this court have no jurisdiction on appeal (*see Brown agt. Brown,* 6 *How. Pr. R.* 320, *and Pugsley agt. Kesselburgh, ante page* 402).

*Motion to dismiss appeal.* In the month of May 1849, the plaintiffs commenced an action against the defendant before Robert A. Ogden, a justice of the peace of the county of Saratoga. On the 19th day of May, which was the return day of the summons, the parties appeared before the justice, and the plaintiffs complained against the defendant, and alleged that he had obstructed a certain highway in the town of Malta (Saratoga county) by building three several fences in and across the same; and had also injured said highway by digging holes therein. The plaintiffs, as commissioners of highways of the town of Malta,

claimed to recover from the defendant, the penalties provided by statute for such wrongful acts, and demanded judgment for $55 and costs.

The defendant put in an answer in writing signed by his attorney, denying the complaint, and showing that the title to real property would come in question on the trial; and at the same time delivered to the justice an undertaking, such as is required by § 56 of the Code of 1849. The justice thereupon countersigned the answer and delivered it to the plaintiffs or their attorney, and approved of the undertaking both as to form and as to the sufficiency of the surety, and discontinued the action.

On the 25th of May, the plaintiffs deposited with the justice a summons and complaint in an action in the Supreme Court, and complained for the same cause of action only on which they relied before the justice, and demanded judgment for the same amount.

The answer put in by the defendant before the justice, denied the obstruction alleged in the complaint, and the answer in the Supreme Court admitted it, and relied only upon the justification set up in the answer in the Justice's Court; both however raising, distinctly, the question of title. Upon the service of this answer, the plaintiffs stated that the admission in writing required by the said 56th section of the Code was thereupon waived; and insisted that the answer was the same as that put in before the justice.

The defendant claimed that soon after the commencement of the suit in the Supreme Court, there was an understanding, either by letter or verbally, between the attorneys, that the formality of continuing the suit before the justice should be abandoned, and that he would answer so as to raise distinctly the question of title in such manner as to give the prevailing party costs, without reference to the answer before the justice; which arrangement he understood the plaintiffs' attorney to assent to; and insisted that the answer was different, in form and substance, from that put in before the justice. That he never asked the plaintiffs or their attorney to waive the admission of serving the summons and complaint by the defendant, unless the facts before stated should be construed into such waiver.

JAMES B. MCKEAN, *Attorney and Counsel for plaintiffs.*

E. F. BULLARD, *Attorney, and*

N. HILL JR. *Counsel for defendant.*

By the Court, JOHNSON, J.—The general question involved in this motion has been settled in Pugsley vs. Kesselburgh, decided at this term (*ante p.* 402). Two grounds of distinction between the cases are relied upon.

1st. That the admission of service of complaint and summons, required to be given by defendant, was not given. The defendant executed the proper undertaking under section 56 of the Code of 1849, but has not literally complied with its terms. The object of the undertaking when it provides for this admission, seems only to be to ensure the defendant's appearance in the Supreme Court, without putting the plaintiff to the trouble of serving him with the summons and complaint or of making proof by affidavit of such service. We think that this obligation was substantially performed by the defendant's putting in an answer, the plaintiff having accepted the answer without the written admission, and so having waived his right to require a literal compliance with the terms of the undertaking. This waiver does not at all affect the identity of the suits.

The second ground taken is, that the answer in the Supreme Court is not the same as that before the justice. The Code (§ 60) provides that "the answer of the defendant shall be the same which he made before the justice." This is a right secured to the plaintiff and introduced for his benefit; that the defendant having by one answer ousted the jurisdiction of the justice, shall not resort to a different defence in the Supreme Court. The section likewise provides that "the plaintiff shall complain for the same cause of action only on which he relied before the justice." This obviously does not tie the plaintiff up to the exact form of words that he used before the justice; but only confines him to the same substantial cause of action. So likewise, the provision that the defendant's answer is to be the same, does not require the same identical words, but only the same substantial defence. In this case the answer in the Supreme Court is attempted to be expressed in more lawyerlike phrases than that in the Justice's

Watermsn and others agt. Whitney and others.

Court, and to this there is no objection.  It may be still only the same defence.  Such, likewise, was the old rule (The People vs. The Albany Com. Pleas, 19 *Wend.* 123).

The answers in this case, however, differ in substance; that before the justice denies the obstruction alleged in the complaint, while that in the Supreme Court admits it, and relies only upon the justification set up in the answer in the Justice's Court.  I think that the defendant may abandon part of his defence before the justice when he comes to answer in the Supreme Court, and that, notwithstanding, the defence will be the same within the meaning of the statute.  The object of the provision is to prevent new defences being interposed in the Supreme Court, not to require old ones to be insisted on when found not to be tenable.  It would put the plaintiff strangely in the defendant's power, if by abandoning one of his defences he could deprive the plaintiff of the benefit of the statute; and it would be equally inconvenient to hold that in order to have the benefit of the statute, the plaintiff must by motion compel the defendant to interpose a defence which he no longer desired to rely upon.  Yet one or the other of these views must be adopted unless the practice is settled as before mentioned.

This case must therefore follow that of Pugsley vs. Kesselburgh.  Motion to dismiss granted with ten dollars costs.