Pratt *v.* Peckham.

———o-e-o———

## PRATT *vs.* PECKHAM.

Where a defendant justifies the taking and converting of property, under a judgment rendered by a justice of the peace, the judgment cannot be proved by the production of a sworn copy of the justice's docket, proved by the oath of the justice to be a true copy.

The docket is the best evidence of its contents, and if the justice is neither dead nor absent, it should be produced.

ACTION for taking and converting the property of the plain-tiff. The defendant justified under a judgment and exe-cution against one Warren Pratt, alleging the property to belong to Warren at the time, and to be liable to the execution against him. The judgment was proved by the production of a copy of the docket of the justice, proved by the justice, who was a witness on the trial, to be a true copy. This evidence was admitted under objection and exception. The referee gave judgment for the defendant, and the plaintiff appealed to this court.

*M. H. Throop,* for the appellant.

*F. Kernan,* for the respondent.

*By the Court,* W. F. ALLEN, J. Provision is made by statute for keeping and preserving a record of proceedings and judgments in civil actions by justices of the peace, and they are required by law to keep a docket in which they shall enter the proceedings in causes pending before them. (2 *R. S.* 269, § 243.) The statute has also undertaken to provide for the proof of such proceedings and judgments, when it becomes necessary to give evidence of them in another action, by making the docket itself, properly proved, transcripts thereof duly authenticated, and sworn copies thereof, in proper cases, evidence. (*Id.* §§ 245–248.) To avoid the necessity of the personal attendance of the justice with his docket, sections 245, 6 and 7 make a transcript duly certified by the justice, and, when to be used otherwise than before the same justice, verified by the certificate under seal of the proper county clerk, good evidence of the facts stated in it. By section 248 the proceedings in any cause had before a justice may be proved by the oath of the justice, and in case of his death or absence they may be proved by producing the original minutes of such proceedings entered in a book kept by such justice, together with proof of his handwriting, or by producing copies of such minutes, sworn to by a competent witness as having been compared by him with the original entries, with proof that such entries were in the handwriting of the justice. (2 *R. S.* 4*th ed.* 456.) The latter provision authorizing the admission in evidence of sworn copies of the docket, was essential to prevent the necessity of the removal of the docket from the place of its legal deposit, and to provide for cases in which, by reason of the death or absence of the justice, a transcript might not be within the reach of the party. It is treated in the statute as secondary evidence, while the transcript or the docket itself is primary evidence of the proceedings. It is true, in some states, as Pennsylvania, Ohio and Alabama, it has been held that sworn

copies of the entries in a justice's docket are admissible as primary evidence, upon the ground that they are public books which ought not to be removed, and of which the law, therefore, permits copies. But this is in the absence of any statutory regulations upon the subject. In Ohio and perhaps in Alabama, a justice's court is a court of record, and this fact may have influenced the decision of this question in those states. But in this state the whole subject relating to the proof of judgments rendered by a justice of the peace is regulated by statute, and proof must be made in conformity with its requirements. And it is not material that we may not be able to discover the particular reason which should operate to admit a sworn copy of a docket in one case, while it would exclude it in another very similarly situated. As I read the statute, a sworn copy of the docket can only be given in evidence when the justice is dead or absent from the trial. (2 *Cowen & Hill's Notes, p.* 1111, *note* 764.) The proceedings may in all cases be proved by the oath of the justice, not by giving parol evidence, or by a sworn copy of them, but by producing and verifying by his own oath the minutes as made by him in his docket. These are, in one sense, the proceedings, and they may be proved by the oath of the justice. The justice may either give a transscript or produce and prove the original; or, in the case of his death or absence, secondary evidence may be given. In *McCarty* v. *Sherman,* (3 *John.* 429,) it was held that a certificate under the hand and seal of the justice, whose handwriting was proved by a witness, was not competent evidence of a judgment. The court say : " It ought to have been proved by the justice who gave the judgment, or a sworn copy of his minutes should have been produced." In *Posson* v. *Brown,* (11 *John.* 166,) the court say : " Though the proceedings and judgment before a justice may not be technically a record, yet the material facts are in writing and ought to be produced. Parol evidence of such proceedings is not the highest or best evidence in the power of the party, and ought not therefore, to be admitted ;" and again ; " Though the magistrate would be a competent witness to verify the written evidence of the pro-

ceedings before him, it would be repugnant to the sound and statutory rules of evidence to dispense with the production of the written minutes." Nelson, J., in *Boomer* v. *Laine*, (10 *Wend.* 525,) says, " In the preceding section (247) the legislature had provided for the proof of a justice's judgment by a transcript from his docket, authenticated in a particular manner; and when in the next section it is said, ' The proceedings in any cause had before a justice may also be proved by the oath of the justice,' I apprehend that no more is meant than that the *docket* may be proved by the justice in the manner that justices' judgments were proved previous to the provisions making transcripts evidence, by the production of the docket verified by the oath of the justice; and not that the justice may give parol evidence of the contents of the docket." (*See also Brotherton* v. *Wright*, 15 *Wend.* 237.)

The docket was the best evidence of its contents, and as the justice was neither dead nor absent, should have been produced. The statutory foundation for secondary evidence was not laid, and the docket should have been proved as any other original instrument. The referee, therefore, erred in the admission of the copy of the docket upon the oath of the justice.

Perhaps the referee would have been justified in disregarding altogether the evidence of Warren Pratt; he having, by admitting, while under examination as a witness, that in the confession of the judgment under which the defendant justified, he had been guilty of perjury, and thus shown himself entirely unworthy of credit. (*Dunlop* v. *Patterson*, 5 *Cowen*, 243. *Burtus* v. *Tisdall*, 4 *Barb.* 571.) But as this point was not relied upon we will not pass upon it, or further consider it.

I think the judgment should be reversed, and a new trial granted, costs to abide the event.

[Oswego General Term, April 2, 1855. *Wm. F. Allen, Pratt, Hubbard* and *Bacon*, Justices.]