(27 App. Div. 1; 27 Civ. Proc. R. 152.)

## O'BRIEN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  March 11, 1898.)

1. RELEASE—PLEADING—ATTORNEY AND CLIENT.
    Where plaintiff has settled the case, and given defendant a release, the fact that he had agreed with his attorney that the latter should receive as compensation for his services a percentage of the recovery constitutes no reason why, as between plaintiff and defendant, the release should not be pleaded, for the attorney's rights, under his agreement, are not prejudiced either by the release or plea.

2. SAME.
    If, in such a case, the attorney desires to prosecute the action in plaintiff's name for his own benefit, he may still do so, but in that event must assume the payment of any judgment for costs which defendant may recover.

Appeal from special term.

Action by Patrick O'Brien against the Metropolitan Street-Railway Company.  From an order denying defendant's motion for leave to serve a supplemental answer, setting up a settlement between the parties, defendant appeals.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
G. Washbourne Smith, for respondent.

BARRETT, J.  We agree with the plaintiff's attorney that, notwithstanding the mandatory language used in section 544 of the Code of Civil Procedure, it was within the discretion of the court below to grant or refuse this application.  That discretion is, however, reviewable here.  In this case we see no reason why the application should have been refused.  It is conceded that the plaintiff has settled the case, and has given the defendant a release.  Why should not the defendant be permitted to plead the release?  None is suggested, save that the plaintiff's attorney has made an agreement with his client whereby he is to receive, as compensation for his services, a sum equal to 35 per cent. of the recovery.  But this is no reason why, as between the plaintiff and the defendant, the release should not be pleaded.  The attorney's rights, under his agreement with his client, are not affected by the release, nor will they be prejudiced by the plea thereof.  If he desires to prosecute the action in the plaintiff's name for his own benefit, he may still do so.  In that case, however, he should take the risk of liability for the defendant's costs in case he fails upon the merits.

There is no laches here.  The delay in moving was slight, and could have prejudiced neither the plaintiff nor his attorney.  Certainly, it is not shown that injustice would be wrought by allowing the supplemental answer.  The attorney can be amply protected by permitting him to continue the action, if he so elects, for the purpose of satisfying his lien, but at the same time requiring him to assume the payment of any judgment for costs which the defendant may recover.

The order appealed from should therefore be reversed, with $10 costs and the disbursements of this appeal, and the motion granted, with leave, however, to the attorney to continue the action for the purpose indicated, upon his assuming the payment of any judgment for costs which may be recovered by the defendant.     All concur.