GEORGE RUNDLE, Respondent, *v.* READ GORDON, Appellant.

*Interpleader by order under section 820 of the Code of Civil Procedure — it is not applicable to an action removed, upon a plea of title, from a Justice's to a County Court.*

In an action brought in a Justice's Court to recover a balance alleged to be due upon a contract for the sale of stone, the defendant, while admitting the balance claimed to be due, averred that the stone was owned by a third person, on whose land it was quarried, who had served him with a notice forbidding him to pay such balance, and interposed the further plea that the title to real estate would come into question, and gave the undertaking required by section 2953 of the Code of Civil Procedure, whereupon that action was discontinued, and the plaintiff brought an action for the same cause in the County Court, in which the defendant, before serving an answer, moved, under the provisions of section 820 of the Code, for the substitution, as defendant in that action, of the third person claiming to be the owner of the land.

*Held,* that the action must be considered as one originally commenced in the Justice's Court, to which the provisions of section 820 of the Code of Civil Procedure, permitting an interpleader by order, were not applicable;

That, being a continuance of the former action commenced in the Justice's Court, the action in the County Court must be tried under the same pleadings which were before the justice, and that the substitution of a new defendant and the discontinuance of the action as to the original defendant were substantial changes, which the County Court had no power to authorize.

*Semble,* that the answer interposed before the justice did not set up any defense to the action.

APPEAL by the defendant, Read Gordon, from an order of the county judge of Sullivan county, entered in the office of the clerk of the county of Sullivan on the 24th day of September, 1897, denying the defendant's motion for leave to interplead one Amanda M. Bills as defendant in the action.

This action was commenced in a Justice's Court of the county of Sullivan to recover a balance of thirty-nine dollars and seventy-one cents, claimed to be due from the defendant to the plaintiff on a contract for the sale of stone. The defendant, in his answer in the Justice's Court, admitted the purchase of the stone from the plaintiff, and that the balance claimed to be due remained unpaid, but averred that the stone was quarried on land of one Amanda M. Bills, who had served a notice on him forbidding the payment of said balance to the plaintiff; that the plaintiff

was not the owner of the stone so sold to the defendant, the same being the property of the said Amanda M. Bills, and that the title to real estate would come in question on the trial of said action.

The defendant thereupon gave the undertaking required by section 2952 of the Code of Civil Procedure, and the action before the justice was discontinued.

The plaintiff thereupon commenced an action in the County Court of Sullivan county for the same cause of action. The defendant did not answer, but moved in said court, under the provisions of section 820 of the Code of Civil Procedure, for an order substituting the said Amanda M. Bills as a defendant in his place on the payment by him to the county treasurer of said county of the sum of thirty-nine dollars and seventy-one cents, the amount claimed by the plaintiff in his complaint. The motion was denied by the court below.

*John P. Roosa, Jr.,* for the appellant.

*William L. Thornton,* for the respondent.

Putnam, J.:

We are of opinion that the provisions of section 820 of the Code of Civil Procedure are not applicable to an action originally commenced in a Justice's Court, and afterwards, on a plea of title, transferred to the County Court. Such an action, when thus transferred, although in the County Court a new summons and complaint is served, is regarded as "an action originally commenced in a court of a justice of the peace." (*Cook* v. *Nellis,* 18 N. Y. 126.)

Under the provisions of the Code of Civil Procedure (§§ 2951–2958) the action in the County Court must be deemed the same action originally commenced before the justice and transferred to the County Court. The undertaking served with the answer in the Justice's Court must provide that if the plaintiff within twenty days deposit with the justice a summons and complaint in the proper court for the same cause of action, the defendant will give a written admission of the service thereof. The party succeeding in the County Court is entitled to recover the costs paid by him on the discontinuance of the action by him before the justice; and section 2957 of the Code of Civil Procedure provides that "in the new

action to be brought after an action before a justice is discontinued by the delivery of an answer and an undertaking * * * the plaintiff must complain for the same cause of action *only* upon which he relied before the justice, and the defendant's answer must set up the same defense *only* which he made before the justice."

Under the provisions of this section it has been held that, although the court to which such an action has been transferred may allow an amendment to the pleading in matters of form, it is not authorized to allow an amendment thereof in matters of substance. (*McGinnis* v. *Murphy*, 23 Wkly. Dig. 215; *People ex rel. Proctor* v. *Albany C. P.*, 19 Wend. 123.) And if the pleadings in the court to which the action is transferred do not conform in substance to those interposed in the Justice's Court, the party injured may move to strike out the objectionable pleading. (*Tuthill* v. *Clark*, 11 Wend. 642.)

In this case the plaintiff having served a summons and complaint for the same cause of action for which he sought to recover before the justice under the provisions of section 2957 *(supra)*, the defendant was bound to serve an answer containing the same. defense asserted by him in the court below. Had he served an answer containing any other defense than that interposed before the justice, the answer, or the objectionable part thereof, on motion of the plaintiff, would have been stricken out. Had he moved in the County Court for leave to serve an answer containing any other defense, the court would not have been authorized to grant the motion.

But the defendant, in the motion made in the court below, asked for more than a mere amendment to a pleading. He sought to be relieved from the service of an answer; for leave to bring in a new party defendant, and for a discontinuance of the action as to himself.

As the action must be deemed one originally commenced in a court of a justice of the peace, transferred from that court to the County Court, where, under the provisions of the statute, it must be tried under the pleadings setting up the same cause of action and defense only asserted in the Justice's Court, it is evident that it must be continued between the same parties.

As the County Court could not by order allow a change in substance of the pleadings, it must be held that, under the provisions of the Code of Civil Procedure, it had no authority to allow a more

important change — the substitution of a new defendant, the withdrawal of the defendant from the action, permission to omit the service of an answer, and the service of a new and original answer by the substituted defendant.

We are also inclined to believe that the motion was properly denied by the court below, for the reason that the answer interposed before the justice did not aver any defense to the action. (See *McGiffin* v. *Baird*, 62 N. Y. 329.)

The order should be affirmed, with costs.

All concurred.

Order affirmed, with ten dollars costs and disbursements.