### WILGUS v. WILKINSON.

(Supreme Court, Appellate Division, Fourth Department. March 27, 1900.)

1. JUSTICES OF THE PEACE—ACTIONS INVOLVING TITLE TO REAL PROPERTY—
    —REMOVAL TO SUPREME COURT—PLEADING.
        Code Civ. Proc. § 2957, provides that on removal of an action involving title to real property from a justice's court to the supreme court, the plaintiff must complain for the same cause of action only. The complaint in trespass before a justice alleged that defendant's cattle trespassed on

lands rented and in possession of plaintiff, and destroyed the crops thereon. The defendant answered, denying title of plaintiff's lessor, and on removal to the supreme court plaintiff, in his complaint, alleged in addition that defendant and his cattle "otherwise injured said premises." *Held*, not to warrant striking out the complaint as not conforming to the one in the justice court, where the trespass was not denied, but merely the plaintiff's right to possession.

2. SAME—STRIKING OUT ANSWER.

Under Code Civ. Proc. § 2957, providing that on removal of an action involving title to real property from a justice's court to the supreme court the plaintiff must complain for the same cause of action as that set up in the complaint, if the complaint in the supreme court fails to conform to the complaint in the justice's court the defendant's remedy is by a motion to strike it out.

3. SAME—CHANGE OF PLEA.

Where an action of trespass is removed from a justice's court to the supreme court, after an issue of title to real property has been raised by defendant by a plea admitting the trespass, but denying plaintiff's title, the defendant cannot, in the supreme court, withdraw his plea, and interpose a general denial.

4. STRIKING OUT ANSWER—MOTION—LACHES.

A delay of six weeks in moving to strike out an answer, occurring in midsummer, when little business is done in the courts, will not be regarded as such laches as will deprive the party moving to the relief, if otherwise entitled thereto.

Williams and Laughlin, JJ., dissenting.

Appeal from special term, Niagara county.

Trespass by Daniel Wilgus against George Wilkinson. From an order denying plaintiff's motion to strike out defendant's answer, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

C. W. Johnson, for appellant.

Fred M. Ackerson, for respondent.

SPRING, J. An action of trespass was commenced in justice's court, the charge being that "during the six years prior to the commencement of this action said defendant's cattle trespassed upon lands rented and in possession of the above-named plaintiff, and destroyed thereon grass, herbage, and vegetables, to the damage of the plaintiff in the sum of $50." The defendant first answered orally by a general denial. He subsequently ousted the justice of jurisdiction by interposing an answer alleging the title and possession of the premises in one Edgar O'Brien, coupling the defendant therewith by the averment that he "did the alleged wrongful acts by the direction of the said Edgar O'Brien," and by giving the undertaking required by section 2952 of the Code of Civil Procedure. No other defense was interposed, and the action was discontinued. The plaintiff thereupon deposited with the justice the summons and complaint in this action. The complaint in the new action is somewhat broader than the one in the justice's court, in that it alleges that the "defendant and his cattle" committed the trespasses, and, in addition to the specific destruction of the grass, adds, "and otherwise injured said premises." The complaint then specifies the

land to which the trespasses relate. The defendant gave the requisite admission of service to the justice, and obtained the complaint, and served an answer thereto, in which the only defense is a general denial. A motion was thereupon made to strike out this answer as not conforming to the one tendered in justice's court, and that motion was denied.

Under the first complaint the plaintiff could prove trespasses committed upon any lands of which he claimed to be in possession under lease, so that the addition of the description of the land in the complaint in this action was no variation in substance. People v. Albany Common Pleas, 19 Wend. 123. It was unnecessary, for within the original complaint he could show trespasses upon this identical land. The giving of the metes and bounds of the land affected narrowed the issue, instead of enlarging it, and no harm could come to the defendant by the restriction. The other addition to the complaint involves no change in substance of the cause of action. The complaint was the ordinary one of trespass, with no large damages claimed; and the real purpose, probably, was to test the rights of the parties to the possession of this land. The course pursued by the defendant upholds this supposition. Had there been any other land in controversy, the defendant would have interposed a general denial, and insisted upon the trial proceeding in justice's court to protect himself from any danger which might ensue from proving the trespasses outside of the land to which the defendant asserted the right of possession. The complaint described no particular land, and the defendant does not limit his entry by alleging his right to any definite tract; hence he must have been advised of the identical premises in controversy. Therefore the fact that the plaintiff has charged that the defendant, as well as his cattle, committed the trespasses, and that the injuries were otherwise than the eating and treading down of the grass, is not material. The point of the contention is that the plaintiff charges trespass. The defendant does not deny the entry, but asserts he was on the land rightfully. Whether by himself or his cattle is unimportant, so long as he challenges the possession of the plaintiff, and justifies his entry. The complaint, therefore, complies with the requirement that it must contain the same cause of action required by section 2957 of the Code of Civil Procedure. People v. Albany Common Pleas, supra. If the complaint failed in important particulars to conform to that proffered by plaintiff before the justice, the remedy of the defendant was by motion to strike it out. Brotherton v. Wright, 15 Wend. 257; Tuthill v. Clark, 11 Wend. 642; McNamara v. Biteley, 4 How. Prac. 44–46. He did not do that. He received it from the justice knowing, therefore, that it was deposited as a result of the discontinuance of the action in that court. He retained it, and answered, all in recognition of the new action consequential upon the ending of the original one. If the venture of the defendant meets with success, we have this state of affairs: By his plea of title he ended the action in justice's court. The complaint, substantially like the one first offered, was deposited with the justice, and received by the defendant. His answer then is

served, abandoning the plea of title, which was the only excuse for the present action, and interposes a general denial which had been withdrawn when the plea of title was tendered. By this kaleidoscopic performance the plaintiff must recover $50 to obtain costs. The answer was served July 1st, and this motion was made August 18th. This being in midsummer, when little. business is done in the courts, the delay of six weeks should not be regarded as laches. The order is reversed with $10 costs and disbursements, and the motion granted, with $10 costs, with leave to the defendant to serve the final answer served in justice's court within 20 days after the service of the order herein, and upon payment of said costs and disbursements. All concur, except WILLIAMS and LAUGHLIN, JJ., who dissent.