and must be reversed, and a new trial granted, with costs to the appellant to abide the event of the action. All concur, except VAN BRUNT, P. J., who dissents.

---

ZAITZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 22, 1900.)

SETTLEMENT BY CLIENT—ATTORNEY'S LIEN—RIGHTS OF OPPOSITE PARTY

 Where an insolvent plaintiff, without the knowledge of his attorney, settled an action for personal injuries after issue joined, and executed a general release of his claim, defendant was entitled to plead such release in a supplemental answer, over the objection of such attorney, though the latter had given notice of an attorney's lien.

Appeal from special term, New York county.

Action for injuries by Ida Zaitz against the Metropolitan Street-Railway Company. From an order denying a motion of defendant to file a supplemental answer, pleading a release, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Henry A. Robinson (Chas. F. Brown, of counsel), for appellant.
Nelson & Watters, for respondent.

PER CURIAM. The order denying the defendant's motion to serve a supplemental answer must be reversed. The action was to recover damages for personal injuries. Issue was joined, and the cause was on the calendar for trial, but the plaintiff settled with the defendant, and executed a general release. Subsequently thereto the defendant moved to set up in a supplemental answer that release, as a bar to the plaintiff's action. The court at special term denied the motion because it appeared that the settlement was made without the knowledge of the plaintiff's attorney, who had given notice of a lien upon the cause of action, and the plaintiff was not pecuniarily responsible. The question involved on this appeal was decided by this court in O'Brien v. Railway Co., 27 App. Div. 1, 50 N. Y. Supp. 159, in which it was held that in an action of this character an application by a defendant to be allowed to set up in a supplemental answer a settlement of the action and a release by the plaintiff should not be denied simply for the reason that the plaintiff's attorney had a lien upon the recovery as compensation for services in the action.

In view of that decision, the order appealed from must be reversed, with $10 costs and disbursements, and motion granted, with $10 costs.