## MOISEN v. BURR.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

JUSTICES OF THE PEACE—DISCONTINUANCE OF ACTION—RECOMMENCEMENT IN COUNTY COURT—PLEADING—AMENDMENT OF ANSWER.

     Under Code Civ. Proc. § 2957, providing that when an action commenced before a justice of the peace is discontinued and recommenced in the county court, the plaintiff must complain for the same cause of action only, upon which he relied before the justice, and that defendant's answer must set up the same defense only, which he made before the justice, a defendant who in the justice's court has pleaded facts showing that the title to real estate would come in question, and made no other defense, cannot in the county court amend his answer so as to allege a counterclaim.

Appeal from Rockland County Court.

Action by John W. Moisen against Henry B. Burr. From an order allowing defendant to serve an amended answer, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

George A. Wyre, for appellant.

Frank Comesky, for respondent.

HIRSCHBERG, P. J. The order appealed from cannot be sustained. The action was originally commenced in justice's court, where the defendant took issue by pleading facts, without other matter of defense, showing that the title to real property would come in question. The action was thereupon duly discontinued before the justice, and a new action was brought by the plaintiff in the county court for the same cause of action as that originally asserted. The defendant interposed the same answer as in the justice's court, but has been allowed to amend it by the order appealed from, so as to allege a new and additional defense by way of counterclaim.

Section 2957 of the Code of Civil Procedure provides explicitly that:

"In the new action, to be brought after an action before a justice is discontinued, * * * the plaintiff must complain for the same cause of action only, upon which he relied before the justice; and the defendant's answer must set up the same defence only, which he made before the justice."

It is unnecessary to determine generally whether or not an amendment may be allowed to the pleadings in the new action, but it is clear that no amendment can be permitted which changes the cause of action or adds a new one, or which materially changes the nature and scope of the defense, or sets up an independent and separate defense not made before the justice. No case is cited in support of the order. Those relied on by the learned counsel for the respondent, viz., O'Brien v. Metropolitan Street R. Co., 27 App. Div. 1, 50 N. Y. Supp. 159;

Holyoke v. Adams, 59 N. Y. 233; Spears v. Mayor, etc., 72 N. Y. 442; and Fleischmann v. Bennett, 79 N. Y. 579—relate to motions, under section 544 of the Code of Civil Procedure, for permission to serve supplemental pleadings, and have no application to the case under consideration. That in such a case as this no power exists to allow a substantial amendment of the kind indicated has been frequently decided. In McGinnis v. Murphy, 23 Wkly. Dig. 215, an amendment allowing the substitution of the name of the defendant's wife in the place of his own as the owner of the real estate, in order to conform the pleading to the proof, was condemned, as permitting a new defense, and therefore not authorized. In Rundle v. Gordon, 27 App. Div. 452, 50 N. Y. Supp. 353, it was held that an interpleader by order under section 820 of the Code of Civil Procedure could not be allowed in such an action. The court, referring to section 2957, supra, said (page 454, 27 App. Div., page 354, 50 N. Y. Supp.):

"Under the provisions of this section it has been held that, although the court to which such an action has been transferred may allow an amendment to the pleading in matters of form, it is not authorized to allow an amendment thereof in matters of substance. McGinnis v. Murphy, 23 Wkly. Dig. 215: People ex rel. Proctor v. Albany C. P., 19 Wend. 123. And if the pleadings in the court to which the action is transferred do not conform in substance to those interposed in the justice's court, the party injured may move to strike out the objectionable pleading. Tuthill v. Clark, 11 Wend. 642. In this case, the plaintiff having served a summons and complaint for the same cause of action for which he sought to recover before the justice under the provisions of section 2957, supra, the defendant was bound to serve an answer containing the same defense asserted by him in the court below. Had he served an answer containing any other defense than that interposed before the justice, the answer, or the objectionable part thereof, on motion of the plaintiff, would have been stricken out. Had he moved in the County Court for leave to serve an answer containing any other defense, the court would not have been authorized to grant the motion."

In Wilgus v. Wilkinson, 50 App. Div. 1, 63 N. Y. Supp. 517, it was held by a divided court that, after a plea of title in a justice's court, the defendant could not interpose a general denial in the new action brought in the county court, where such general denial had been withdrawn in the court below. In that case an order denying the plaintiff's motion to strike out the answer, as not conforming to the one tendered in the justice's court, was reversed, and the motion granted, and the order of reversal was affirmed by the Court of Appeals. Wilgus v. Wilkinson, 167 N. Y. 618, 60 N. E. 1122.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion to amend the answer denied, with costs. All concur, except HOOKER, J., not voting.