# Cases

# SECOND DEPARTMENT

# APPELLATE DIVISION,

## March, 1905.

JOHN W. MOISEN, Appellant, v. HENRY B. BURR, Respondent.

*Plea of title in a Justice's Court — the complaint cannot be amended in the County Court so as to set up a new defense by way of counterclaim.*

Section 2957 of the Code of Civil Procedure, relating to the commencement of a new action in the County Court after the dismissal of an action brought in the Justice's Court because of the interposition of a plea of title therein, provides that "in the new action, to be brought after an action before a justice is discontinued, * * * the plaintiff must complain for the same cause of action *only*, upon which he relied before the justice; and the defendant's answer must set up the same defence *only*, which he made before the justice."

In an action in a Justice's Court the defendant interposed an answer setting forth facts showing that the title to real property would come into question, and not setting forth any other matter of defense, and in the County Court action he interposed the same answer which he interposed in the Justice's Court action.

*Held*, that the County Court had not power to permit him to amend such answer so as to set forth a new and additional defense by way of counterclaim.

APPEAL by the plaintiff, John W. Moisen, from an order of the County Court of Rockland county, entered in the office of the clerk of the county of Rockland on the 19th day of September, 1904, as resettled by an order entered in said clerk's office on the 8th day of October, 1904, permitting the defendant to serve an amended answer.

*George A. Wyre*, for the appellant.

*Frank Comesky*, for the respondent.

HIRSCHBERG, P. J. :

The order appealed from cannot be sustained. The action was originally commenced in Justice's Court, where the defendant took issue by pleading facts, without other matter of defense, showing that the title to real property would come in question. The action was thereupon duly discontinued before the justice, and a new action was brought by the plaintiff in the County Court for the same cause of action as that originally asserted. The defendant interposed the same answer as in the Justice's Court, but has been allowed to amend it by the order appealed from, so as to allege a new and additional defense by way of counterclaim.

Section 2957 of the Code of Civil Procedure provides explicitly that " in the new action, to be brought after an action before a justice is discontinued,    \*   \*   \*    the plaintiff must complain for the same cause of action *only*, upon which he relied before the justice ; and the defendant's answer must set up the same defence *only*, which he made before the justice." It is unnecessary to determine generally whether or not an amendment may be allowed to the pleadings in the new action, but it is clear that no amendment can be permitted which changes the cause of action or adds a new one, or which materially changes the nature and scope of the defense, or sets up an independent and separate defense not made before the justice. No case is cited in support of the order. Those relied on by the learned counsel for the respondent, viz., *O'Brien* v. *Metropolitan Street R. Co.* (27 App. Div. 1); *Holyoke* v. *Adams* (59 N. Y. 233) ; *Spears* v. *Mayor, etc., of New York* (72 id. 442), and *Fleischmann* v. *Bennett* (79 id. 579), relate to motions under section 544 of the Code of Civil Procedure for permission to serve supplemental pleadings, and have no application to the case under consideration. That in such a case as this no power exists to allow a substantial amendment of the kind indicated has been frequently decided. In *McGinnis* v. *Murphy* (23 Wkly. Dig. 215) an amendment allowing the substitution of the name of the defendant's wife in the place of his own as the owner of the real estate in order to conform the pleading to the proof, was condemned as permitting a new defense, and, therefore, not authorized. In *Rundle* v. *Gordon* (27 App. Div. 452) it was held that an interpleader by order, under section 820 of the Code of Civil Procedure, could not be allowed in such an action.

SECOND DEPARTMENT, MARCH, 1905.　　　　[Vol. 102.

The court, referring to section 2957 (*supra*), said (p. 454) : " Under the provisions of this section it has been held that, although the court to which such an action has been transferred may allow an amendment to the pleading in matters of form, it is not authorized to allow an amendment thereof in matters of substance. (*McGinnis* v. *Murphy*, 23 Wkly. Dig. 215 ; *People ex rel. Proctor* v. *Albany C. P.*, 19 Wend. 123.) And if the pleadings in the court to which the action is transferred do not conform in substance to those interposed in the Justice's Court, the party injured may move to strike out the objectionable pleading. (*Tuthill* v. *Clark*, 11 Wend. 642.) In this case the plaintiff having served a summons and complaint for the same cause of action for which he sought to recover before the justice under the provisions of section 2957 (*supra*) the defendant was bound to serve an answer containing the same defense asserted by him in the court below. Had he served an answer containing any other defense than that interposed before the justice, the answer, or the objectionable part thereof, on motion of the plaintiff, would have been stricken out. Had he moved in the County Court for leave to serve an answer containing any other defense, the court would not have been authorized to grant the motion."

In *Wilgus* v. *Wilkinson* (50 App. Div. 1) it was held by a divided court that after a plea of title in a Justice's Court, the defendant could not interpose a general denial in the new action brought in the County Court, where such general denial had been withdrawn in the court below. In that case an order denying the plaintiff's motion to strike out the answer as not conforming to the one tendered in the Justice's Court was reversed, and the motion granted, and the order of reversal was affirmed by the Court of Appeals. (*Wilgus* v. *Wilkinson*, 167 N. Y. 618.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to amend the answer denied, with costs.

BARTLETT, WOODWARD and MILLER, JJ., concurred ; HOOKER, J., not voting.

Order reversed, with ten dollars costs and disbursements, and motion to amend answer denied, with costs.