BUSER v. JACOBOWSKY.

(Supreme Court, Appellate Term.   May 15, 1908.)

1. PLEADING—SUPPLEMENTAL ANSWER—DENIAL OF LEAVE TO SERVE—ATTORNEY
   AND CLIENT.
       That plaintiff in a personal injury action settled his claim without the
   knowledge or consent of his attorney, who with defendant and her
   attorney's knowledge, had a contingent interest in the recovery, does not
   warrant a denial of defendant's motion for leave to serve a supplemental
   answer, setting up the settlement and a release.

2. SAME—CONDITIONAL ALLOWANCE OF LEAVE—COSTS.
       Leave to defendant in a personal injury action to serve a supplemental
   answer setting up a settlement and a release should have been condi-
   tioned upon payment of all costs from the beginning of the action.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 833.]

Appeal from City Court of New York, Special Term.

Action by John J. Buser against Ernestine Jacobowsky. From an order allowing defendant to serve a supplemental answer, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

August P. Wagener, for appellant.

E. Sidney Berry (James B. Henney, 'of counsel), for respondent.

PER CURIAM. Plaintiff appeals from an order of the City Court of New York granting leave to defendant to serve a supplemental answer in an action for personal injuries, setting up a settlement with and a general release from the plaintiff. The motion was opposed below on the ground that the action was settled without the knowledge, consent, or authority of the plaintiff's attorney, who, at the time of the settlement had a contingent interest in the recovery, to the knowledge of defendant and her attorney. The grounds urged for a denial of the motion were insufficient. O'Brien v. Met. St. Ry. Co., 27 App. Div. 1, 50 N. Y. Supp. 159; Zaitz v. Same, 52 App. Div. 626, 65 N. Y. Supp. 395; Varriale v. Same, 54 App. Div. 633, 66 N. Y. Supp. 559. The motion was properly granted, but it should have been upon "payment of all costs from the beginning of the action." Varriale v. Met. St. Ry. Co., 54 App. Div. 633, 66 N. Y. Supp. 559.

The order appealed from should be modified so as to provide for the payment of costs as above indicated, and, as so modified, affirmed, without costs of this appeal, but with disbursements to the appellant.