Pabker, C. 3.,
delivered the opinion of the Court. By the
authorities cited by the counsel for the defendant in error, he seems to have maintained the position that, at common law, an action upon the case, for a nuisance done to real estate, is local; the general principle being that, where the subject-matter of the action is local, the action is so likewise. Thus, trespass for injury done to the real * estate, and perhaps actions on covenants which run with the land, are local, as laid down by Chitty in the place cited.
But the plaintiff in error contends that, however this may be at common law, by our statutes giving jurisdiction to justices of the peace, all actions, whether by nature local or transitory, if the demand does not exceed the jurisdiction of the justice, must be brought within the county where the defendant lives; because the precept from the justice does not run beyond the limits of the county in which he dwells ; and there would be a failure of justice, in all cases where the demand should be below twenty dollars, if the plaintiff was obliged to wait until the defendant should come within the county where the injury was done; which must be if the action cannot be brought in the county .where the defendant lives.
By the statute of 1797, c. 21, respecting the jurisdiction of justices of the peace, it is provided that they shall have full power and authority to try and determine all debts, trespasses quare clausum fregit, and other trespasses, not exceeding the value of thirteen dollars and one third; excepting actions wherein the title to real estate is in question, and shall be specially pleaded by the defendant. This act was intended to remove, and did remove, all doubt which had before existed respecting their jurisdiction.
The statute of 1807, c. 122, affirms the jurisdiction of justices upon the same subjects, extending the value of the subject-matter to twenty dollars ; and the Courts of Common Pleas are expressly ousted of jurisdiction of any actions in which the damages demanded do not exceed that sum. By the same act it is also provided that, in any action originally brought to the Court of Common Pleas, if no more than twenty dollars is recovered, the plaintiff shall recover one quarter part only of damages in costs.
It is likewise provided, in the general statute of 1783, c. 42, describing the power and duty of justices of the peace, that the summons, copias, or attachment, issuing from * justices of the peace, shall be directed to some officer within the same county ; so that all actions, brought before a justice of the peace, must necessarily be brought in the county where the defendant lives, or where he may be found by the officer to whom the precept is directed.
*262 From all these provisions it seems necessarily to follow that, for all injuries done, whether to real estate or otherwise, if the damage do not exceed twenty dollars, the action may be brought in the county where the defendant lives; and that, in this respect, the common law is repealed. If it were not so, the plaintiff must commence his action at the Court of Common Pleas with a certainty of losing the costs of his process whenever the injury done him does not exceed twenty dollars; for the precept of the justice does not go beyond his county; — or he must wait for the chance of finding the defendant within the county within which the wrong was done; which might, in effect, deprive him of all remedy.
Upon these grounds, the judgment of the Common Pleas is reversed, and a new trial may be had, upon the general issue heretofore joined by the parties, at the bar of this Court.