## BRYANT MORTON *vs.* STEPHEN T. CHASE.

Local actions may be brought before a justice of the peace in the county where the defendant lives, although the cause of action accrued from an injury done to real estate within a different county.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The action was case, for diverting the water from the plaintiff's mill, situated within the county of *Penobscot*, and was originally brought before a justice of the peace, in the county of *Waldo*, in which county the defendant resided. The damages demanded were twenty dollars. When the action was opened for trial in the Court of Common Pleas, the counsel for the defendant moved in writing, that the Court should order a nonsuit, because it appeared by the plaintiff's declaration, that his cause of action, if any, accrued to him within the county of *Penobscot*, and that the action should have been brought there. The Judge ruled, that inasmuch as it appeared by the declaration, that the plaintiff's mill was situated in the county of *Penobscot*, that the action could not be maintained in the county of *Waldo*, and directed a nonsuit. The plaintiff's counsel filed exceptions.

*A. Johnson*, for the plaintiff, contended, that the action was clearly brought in the right county, and cited *stat.* of 1821, *c.* 76, § 8; *Sumner* v. *Finnegan*, 15 *Mass. R.* 280 ; and *Pitman* v *Flint*, 10 *Pick.* 504.

*W. G. Crosby*, for the defendant, contended, that the nonsuit was properly ordered, because the cause of action was local, and accrued within the county of *Waldo*. Where it appears by the

plaintiff's own showing, that the action cannot be supported, it is proper to order a nonsuit. 1 *Cowper*, 409; 7 *Mass. R.* 461; 10 *Mass. R.* 176.

The opinion of the Court was drawn up by

SHEPLEY J. — It is provided by statute, that all civil actions wherein the debt or damage does not exceed twenty dollars, and the title of real estate is not in question, shall be heard and tried by any justice of the peace within his county. *c.* 76, § 8. And in the act regulating judicial process and proceedings, *c.* 59, § 9, it is declared, that all personal and transitory actions shall be brought in the county where one of the parties lives. Enactments very similar had existed in *Massachusetts*, while her laws were in force here, and it had been decided there, in the case of *Sumner* v. *Finnegan*, 15 *Mass. R.* 280, that an action in its nature local might be brought before a justice, if no more than twenty dollars were claimed, in any county where the defendant resided.

In the case of *Pitman* v. *Flint*, 10 *Pick.* 504, it was decided, that the Court of Common Pleas had jurisdiction of an action thus commenced and carried into that Court by appeal. In both of those cases the defendant pleaded to the jurisdiction. No such plea appears in this case to have been put in, or any objection to have been made to the jurisdiction until the cause was on trial in the Common Pleas, when a written motion was made for a nonsuit on the ground, that the cause of action appeared by the writ to be local. *Chitty* states, that in local actions, if the venue be laid in the wrong county and the objection appear upon the record, the defendant may *demur ;* and if it do not appear on record, may, under the general issue, avail himself of it as the ground of nonsuit. 1 *Chitty Pl.* 284. It appearing upon the record, and not being demurred to, the case is not within the rule as stated by *Chitty ;* and in such case it is cured by statute after verdict. 16 & 17 *Car.* 2, *c.* 8. But it is not necessary to inquire whether the objection was properly taken, because local actions may be brought before a justice of the peace in the county where the defendant resides.

*Exceptions sustained, and new trial granted.*