HEANEY and others *vs.* HEENEY and others.

There is an implied license to vessels upon navigable waters to enter and occupy *docks* adjacent to such waters, in the manner and for the purposes contemplated by their erection; but such license may be revoked by reasonable notice given by the owner of the dock to persons having vessels lying therein.

If the owner of such dock unfasten and cast loose a vessel lawfully moored at the same, without such notice, he is liable for the injury which may be occasioned to such vessel thereby.

And the damages will not be mitigated by proof that the owner of the vessel, after it had been wilfully unfastened and cast adrift, had neglected to take such measures as were in his power to recover and secure it.

ACTION on the case, tried at the Kings circuit in December, 1842, before KENT, late C. Judge. The suit was brought to recover the value of a vessel called a barque, belonging to the plaintiffs, which, as was alleged, was lying fastened to a dock in the East river in the city of Brooklyn, in July, 1842, when the defendants severed the fastenings and cast her loose, by reason of which she floated off with the tide and was injured and rendered worthless. The plaintiffs gave evidence tending to prove the facts alleged. It appeared that the dock was in possession of Heeney, one of the defendants, and that it was in an unfinished state, and that the vessel was fastened to it without permission having been obtained for that purpose. There was some evidence that the plaintiffs claimed to be owners of or to have an interest in the dock, and that they moored their vessel at that place with a view to take possession of the dock. The defendant Heeney directed the other defendant to unfasten the vessel and cast her off, which was accordingly done. Before the vessel had floated far, and while she might have been overtaken with a boat and brought back at a moderate expense, one

of the plaintiffs came to the place and saw what had been done but made no effort to recover her, and she afterwards floated off and grounded against Staten Island, and was much injured and rendered nearly worthless.

The judge charged the jury that if the owner of lands adjacent to arms of the sea build a dock for landing purposes, if it be unoccupied and if there be no previous prohibition or notice to the contrary, the owner of a vessel may attach the same to such dock and let her remain there, paying reasonable wharfage, until he should receive notice to remove her, and that the proprietor of the wharf had no right to set her adrift without giving such notice and allowing a reasonable time for her to be unmoored. The defendants' counsel excepted to the charge, and requested the judge to instruct the jury that if the plaintiffs had not used reasonable diligence to recover the vessel after she was adrift, they were entitled only to recover such damages as they would have sustained if they had used such diligence. The judge declined to charge as requested and the defendants again excepted. The jury found a verdict for the plaintiffs, and the defendants moved for a new trial on a case.

*J. A. Lott*, for the defendants. 1. The plaintiffs had no right to fasten their vessel to the dock in question. It is not proved to have been a public dock and does not appear to have been finished and ready for use. Besides, the vessel was not brought there in the way of business, but in order to take possession of the dock. 2. The judge erred in refusing to instruct the jury as requested. The plaintiffs had no right to suffer their vessel to drift to sea without any effort to save her. They should have used the necessary means to bring her back and the damages would have been the expense occasioned by doing so ; and the jury should have been instructed to allow such a sum as would have been necessary for that purpose. (*Brownell* v. *Flagler*, 5 *Hill*, 282 ; *Finch* v. *Brown*, 13 *Wend.* 601.)

*J. T. Brady*, for the plaintiffs. 1. There is an implied license to enter a dock of the same nature which the keeper of a tavern

holds out to the public to come into his house. (*Bolt* v. *Stennet*, 8 *T. R.* 606; *Beardslee* v. *French*, 7 *Conn.* 125.) 2. The judge laid down the correct rule on the question of damages. (*Hanmer* v. *Wilsey*, 17 *Wend.* 91; *Otis* v. *Jones*, 21 *id*, 394.)

*By the Court,* JEWETT, J. I am of opinion that the charge to the jury is sustained by the principle that there is a license implied by law to all persons navigating public waters, to occupy such erections as the dock in question in the manner and for the purposes contemplated by the owner, and for which they are constructed; and that it was not necessary for the plaintiffs in this case to make an express application to the owner for permission to do so. The keeping such dock, like keeping an inn, confers a general licence to all persons to occupy it for lawful purposes. The mind of the owner in such cases is presumed to assent to such acts.

The plaintiffs' occupancy being lawful, the defendants could not terminate it by setting their vessel adrift so as to endanger its safety, until they had put the plaintiffs in fault. That might have been done by a request to remove the vessel followed by neglect or refusal on their part to comply with it, within such time as under the circumstances would be reasonable. If the plaintiffs' entry into the dock had been *tortious*, then indeed the defendants had a right to cut loose their vessel and to remove it from their premises, doing no unnecessary damage in order to the enjoyment of their rights.

The injury complained of was voluntary, and if wrongful, the plaintiffs were under no obligation legal or moral, to take any steps to mitigate the consequences to the defendants. A new trial must be denied.

New trial denied.