## GRAVES and another *vs.* McKEON.

Although trespass *quare clausum fregit* is a local action, and when originally prose-cuted in the supreme court or in a court of common pleas must be brought in the county where the land is situated, yet such action may be brought in a justice's court of a different county from that in which the land lies.

And the appellate jurisdiction of the common pleas, where a cause is brought into that court by *certiorari* or appeal, is not affected by the local character of the original action.

ERROR from the Columbia common pleas to review a judg-ment of that court reversing on *certiorari* a judgment rendered before a justice of the peace. The plaintiffs in error were also plaintiffs in the justice's court. The return states that they de-clared against the defendant "in an action of trespass and for breaking in and destroying and taking from the premises of plaintiffs certain boards and other fencing stuff and converting the same to his own use"; and it does not appear that there was any mention of the place where the premises were situated, or where the trespass was committed. The defendant did not ap-pear, and the justice after examining witnesses on behalf of the plaintiffs, rendered judgment in their favor, for $16 damages besides costs.

*G. W. Bulkley*, for the plaintiffs in error.

*J. H. Reynolds*, for the defendant in error.

*By the Court*, JEWETT, J. The defendant in error objects that as it does not appear affirmatively that the premises on which the trespass is alleged to have been committed were situ-ated in the county of Columbia, the judgment was erroneous, on the ground that such an action is local at common law, and that unless the lands were situated in the county where the action was brought and tried, the justice had no jurisdiction. There is no doubt but that the action of trespass *quare clausum fregit* at common law is local. ( *Watts* v. *Kinney*, 23 *Wend.* 484; 6 *Hill*,

82, *S. C. in error*.) Such action for an injury to real property situated in *another* state cannot be maintained in the courts of this state. And where the premises are in this state the action is local, and must be brought and tried in the proper county, subject, however, to the power of this court to change the venue when it shall appear that a fair and impartial trial cannot be had in the county in which the venue is laid. (2 *R. S.* 409, §§ 1, 2.) Local actions, including trespass on lands, cannot be brought and maintained in the courts of common pleas in this state, unless the property, the subject of the action, is situated within the county for which such court is held, (2 *R. S.* 208, § 1,) those courts not having *original* jurisdiction in such actions, unless they arise within the county for which the court is held.

But I think the legislature has conferred jurisdiction upon justices of the peace of the action of trespass upon lands, whether the cause of action arise in the county where the justice resides or not. The second section of the act (2 *R. S.* 225,) provides that every justice of the peace "shall have jurisdiction over, and cognizance of, the following actions and proceedings:" "actions of trespass and trespass on the case, for injuries to persons, or to *real* or personal property wherein the damage claimed shall not exceed fifty dollars." In *Sumner* v. *Finegan*, (15 *Mass. Rep.* 280,) it was held that actions for injuries done to the realty, where the damages did not exceed twenty dollars, might be brought before a justice of the peace for the county where the wrongdoer lived or might be found, although the estate to which the injury was done did not lie in such county. The provisions of the statutes of Massachusetts conferring civil jurisdiction upon justices of the peace which are referred to in the opinion of the court in that case, are similar to the act of our legislature, except as regards the amount in controversy. It is provided that justices there shall have full power and authority to try and determine all debts, trespasses *quare clausum fregit* and other trespasses, not exceeding the value of $20. The court, after showing that by this statute, process issued by justices must be directed to some officer within the same county, and that, therefore, all actions before justices of the peace must necessarily be brought in

the county where the defendant lives, or where he may be found, by the officer to whom the process is directed—said: "from all these provisions, it seems necessarily to follow, that for all injuries done, whether to real estate or otherwise, if the damages do not exceed twenty dollars, the action may be brought in the county where the defendant lives; *and that in this respect the common law is repealed.* If it were not so, the plaintiff must commence his action at the court of common pleas, with a certainty of losing the costs of his process whenever the injury does not exceed twenty dollars; for the precept of the justice does not go beyond his county. Or he must wait for the chance of finding the defendant within the county, within which the wrong was done: which might in effect deprive him of all remedy." The case of *Pitman* v. *Flint*, (10 *Pick*. 504,) was an action of trespass *quare clausum fregit* brought in a justice's court in the county of Essex, where the plaintiff resided. The defendant lived in the county of Middlesex, where the premises were situated. A judgment was rendered for the plaintiff, and the defendant appealed to the common pleas for the county of Essex—where the defendant obtained judgment. Error was brought to the supreme judicial court. The court said: "the objection made by the defendant is, that this action being trespass *quare clausum fregit*, is local, and therefore not cognizable by a justice of the peace for the county of Essex. Such an action is local at common law, but the question is whether it has not become transitory under our statutes, so far as regards the jurisdiction of a justice of the peace, and the case of *Sumner* v. *Finegan*, is decisive on this point." They added: "if the statutes had said that a justice of the peace in his county, shall have authority to hear and determine all trespass, &c. 'happening within the county,' the decision in *Sumner* v. *Finegan* would not be correct." They also remarked, "it was objected, that if a title to the real estate had been pleaded by the defendant, and the action had thereupon been entered, pursuant to *Stat.* 1783, c. 42, § 2, in the court of common pleas to be held within the county of Essex, that court could not have taken cognizance of it, having no jurisdiction over a trespass to land in the county

of Middlesex: and so the absurdity would arise, of an appellate court having a more limited jurisdiction in the matter of the appeal, than the court from which the appeal is made.  If this were so, it would constitute a serious objection, for then the defendant in an action of trespass might always oust the justice of the peace of his jurisdiction, by a plea of title ; but we think that the action *being no longer local,* might, upon such a plea, be carried into the court of common pleas for the county in which it was commenced, and that that court might take cognizance of it." The same principle was sustained in *Morton* v. *Chase,* (15 *Maine Rep.* 188.  *See also Hopkins* v. *Haywood,* 13 *Wend.* 265 ; 1 *Cowen's Tr.* 27, 28.)

Although the courts of common pleas in this state have not original jurisdiction in such actions of trespass, I think they have appellate jurisdiction when such actions are brought up for review by *certiorari* or appeal from justices' courts.  The certiorari or appeal is required to be brought to the court of common pleas in the same county where the judgment is rendered.  (2 *R. S.* 255, § 168, *p.* 258, § 186.)  And the statute defining the powers and jurisdiction of courts of common pleas, contains the following provision : " To exercise such other powers and duties as may be conferred and imposed by the laws of this state." (2 *R. S.* 208, § 1.)

It is however argued that for anything appearing from the pleadings and proofs, the trespass for which the action was brought may have been committed on lands situated out of the state.  I do not think we ought or can intend that.  It is enough that it appears that the justice had jurisdiction of the parties and generally of the subject matter ; and that before the justice could be ousted of such jurisdiction, it should be shown that the premises on which the trespass complained of was committed were situated out of the state.

Judgment reversed.