## BOGERT *vs.* HAIGHT.

A wharfinger and warehouseman, by holding himself out to the public as such, extends a license to enter upon his premises, to all persons having occasion to do so, in connection with that business.

His employment, however, is a merely private one. He is under no legal obligation to allow the use of his wharf or warehouse to every person applying, even if he has suitable accommodations, and a reasonable reward is offered him; but he may limit the general license, or terminate it, in the case of any particular persons, by giving them notice not to come upon the premises.

And after he has given such a notice to an individual, and thereby revoked the license as to him, an entry of the latter upon the wharf is a trespass, for which an action will lie.

The possession of the premises, by the plaintiff, in such a case, is sufficient evidence of his right to bring the action.

APPEAL by the defendant from a judgment of the Yates county court. The action was commenced before a justice of the peace for a trespass, in entering upon the plaintiff's dock or wharf. The plaintiff was the owner of a dock and storehouse at Dresden, on the Seneca lake, used for a steamboat landing, and other purposes. The defendant was the driver of a stage, employed in carrying passengers and freight to and from the landing. About the 1st of November, 1853, the plaintiff forbade the defendant coming upon the dock. Afterwards, and on the 6th or 7th of December, the defendant came on again and refused to leave. For this entry the action was brought. The plaintiff recovered a judgment for six cents damages, and the county court affirmed the judgment.

*Jas. Taylor*, for the appellant.

*E. Van Buren*, for the respondent.

*By the Court*, T. R. STRONG, J. The plaintiff was a wharfinger and warehouseman, and by holding himself out to the public as such, extended a license to enter upon his premises, to all persons having occasion to do so in connection with that business. (*Heaney* v. *Heaney*, 2 *Denio*, 625. *Beardsley* v.

*French,* 7 *Conn. R.* 125.) His employment, however, was a merely private one; he was under no legal obligation to allow the use of his wharf or warehouse to every person applying, even if he had suitable accommodations, and a reasonable reward was offered him; but he might limit the general license, or terminate it, in the case of any particular persons, by giving them notice not to come upon the premises. An innkeeper is bound to admit all persons who apply peaceably to be admitted as guests, when he has accommodations; and a common carrier is bound to receive and carry all goods offered for transportation, or all passengers, which he can conveniently carry, upon the usual price being paid or tendered; but this obligation rests upon considerations of public policy applicable to those cases. Upon the same grounds of public policy innkeepers and common carriers are subject to extraordinary responsibility for the safety of property placed in their care. The cases of innkeepers and common carriers, are exceptions to the general rule of law, as to the duties and responsibilities of bailees and persons engaged in business for hire, which allows persons to decide for themselves with whom they will do business, and requires of them only ordinary care and diligence. This general rule applies to wharfingers and warehousemen. The cases are numerous, that the principles of public policy referred to do not embrace them, and that they are bound to exercise only ordinary care in regard to the safety of goods intrusted to them. (*Story on Bailments,* § 444 *to* § 453, *and cases cited. Schmidt* v. *Blood,* 9 *Wend.* 268. *Foote* v. *Storrs,* 2 *Barb. S. C. R.* 326.) And no good reason is perceived, why they should be bound to receive on their premises any persons against their will, after reasonable notice.

If the foregoing views are correct, the plaintiff having revoked the license as to the defendant, the entry of the defendant for which the action was brought was a trespass, and the defendant was liable therefor.

Assuming that the trespass was committed out of the county of Yates, the justice had jurisdiction. (*Graves* v. *McKeon,* 2 *Denio,* 639. *Code,* § 53.)

The possession of the premises by the plaintiff was sufficient evidence of his right to bring the action.

In my opinion the judgment of the justice was right, and that of the county court, affirming it, should be affirmed.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 4, 1855. *Selden, Johnson* and *T. R. Strong,* Justices.]