COOK and another *v.* NELLIS.

An action commenced in the County Court or Supreme Court, under §§ 55 and 56 of the Code, upon the discontinuance of an action in a Justices' Court, involving the title to land, is "an action originally commenced in a court of a justice of the peace."

THE plaintiffs sued the defendant in a Justices' Court of Montgomery county, for opening a gate on the plaintiffs' land, and leaving it open, by means of which their crops, &c., were injured by cattle entering through the gateway. The defendant answered, among other matters, that the gate was erected across his, the defendant's, private road, and that the title thereto was in him, and he gave an undertaking with sureties as prescribed by §§ 55, 56, &c., of the Code. The suit before the justice was thereupon discontinued, and the plaintiffs commenced a prosecution for the same cause in the Montgomery County Court, and the defendant put in the same answer as he had done before the justice. When the case was brought on to trial in the County Court, the defendant moved to dismiss the complaint " on the ground, as the record states, that said County Court had no jurisdiction to proceed to try the same by the new constitution, notwithstanding the action originated in a Justices' Court, and was brought into this court on a plea of title." The motion was granted, the court dismissing the complaint with costs. The plaintiffs excepted, and appealed to the Supreme Court. That court dismissed the appeal, whereupon the plaintiffs appealed here. The case was submitted on printed briefs.

*H. Loucks,* for the appellants.

*Abraham Hees,* for the respondent.

Cook *v.* Nellis.

DENIO, J. Jurisdiction is in terms conferred upon the County Courts, in such a case as this, by the 60th section of the Code; and the constitution declares that the County Court shall have such jurisdiction in cases arising in Justices' Courts as the legislature may prescribe. (*Art.* 6, § 14.) The defendant's point apparently is that the case was not one which arose in a Justices' Court, and that considering it as an action originally commenced in the County Court, there was a want of jurisdiction according to the case of *Kundolph* v. *Thalheimer* (2 *Kern.*, 593). This court was called upon to give a construction to similar language used in the Code in *Brown* v. *Brown* (2 *Seld.*, 106). The 11th section provided that an appeal should not be allowed to the Court of Appeals " in an action originally commenced in a Court of a Justice of the Peace," and the question arose whether the provision applied to the case of an action commenced before a justice, and recommenced in the Court of Common Pleas, before that court was abolished by the constitution of 1846, in consequence of the defendant having pleaded title before the justice. This court held that it did apply, and dismissed the appeal, though in this particular case the action had been tried in the first instance in the Supreme Court, to which it was transferred by the constitution. No distinction can be stated between "cases arising" in a Justices' Court, and "actions originally commenced" in that court. The provisions are in *pari materia*, and having settled the construction of one of them, it should be followed in the others. The judgments of the County Court and of the Supreme Court were therefore erroneous. As the law stood when the County Court dismissed the action, the right of review was limited to an appeal to the Supreme Court, and if it had remained unaltered this appeal could not have been heard; but before the decision in the last mentioned court was made, the Code was amended to allow an appeal in such cases to this court. (*Laws of* 1857, *ch.* 723, § 1, *subd.* 3.) Another amendment bearing upon this

action was made at the last session of the legislature, by which the jurisdiction of the County Court, in cases where a plea of title has been put in before a justice, is taken away from that court and conferred upon the Supreme Court. But as the County Court possessed the jurisdiction when the present case was before it, the dismissal of the complaint was erroneous.

The judgment of the Supreme and County Court must therefore be reversed; but no directions are given as to the further prosecution of the case.

All the judges concurring.

Judgment reversed.