VERMONT AND MASSACHUSETTS RAILROAD COMPANY *vs.* JONA-
THAN ORCUTT & others.

A local action against a corporation must be brought in the county in which the cause of action arises, notwithstanding the Rev. Sts. *c.* 90, § 16, *cl.* 3.— Gen. Sts. *c.* 123, § 5, *cl.* 3.

ACTION OF TORT for injuries to a culvert and railroad track of the plaintiffs by the defendants' neglect in constructing and keeping in repair a reservoir of water on a stream above the culvert. Answer to the jurisdiction, that the reservoir, culvert, water, stream, and the portion of the track injured were all in Orange in the county of Franklin. The plaintiffs demurred to the answer, and the question of law was reserved by *Hoar*, J. for the determination of the full court.

*G. T. Davis,* for the plaintiffs.

*C. Devens, Jr.,* ( *G. F. Hoar* with him,) for the defendants.

METCALF, J. By the common law this is a local action. Any action founded on a local thing must be brought in the county where the cause of action arises. Com. Dig. Action, N. 5. 5 Dane Ab. 653. In other books it is said that the venue is local when the cause of action could have happened in one county only. Smith on Actions at Law, (3d ed.) 79, 102 ; (7th ed.) 75, 96. 15 Petersd. Ab. (Amer. ed.) 241. 1 Chit. Pl. (6th Amer. ed.) 298. Steph. Pl. 289. Gould Pl. *c.* 3, § 107. Thus, an action on the case upon the custom of England, against an innkeeper for not safely keeping the goods of his guest, is local; Clench, J. saying : " If it be an action upon the case upon a contract, or for words, and the like transitory thing, it may be brought in any county, but in this case it ought to be brought where the inn is." *Anon.* Godb. 42, and 1 Nels. Ab. 33. See also *Williams* v. *Land,* 4 Taunt. 729. So of an action for a nuisance by obstructing the navigation of a river. *Mersey & Irwell Navigation* v. *Douglas,* 2 East, 502.

The common law on this subject was held, in *Sumner* v. *Finegan,* 15 Mass. 280, and *Pitman* v. *Flint,* 10 Pick. 504, to have been altered in this commonwealth, so far as it respected actions brought before justices of the peace, by a statute which conferred jurisdiction on them. And the counsel for these plaintiffs, not denying that this action is local by the common law, seeks to sustain it in this county by virtue of a provision in the Rev. Sts. *c.* 90, § 16, (re-enacted by the Gen. Sts. *c.* 123, § 5,) that when one of the parties to an action is a corporation other than a county, town, school district or parish, " the action may be brought in any county in which such corporation shall have any established or usual place of business," &c., " or if the other party to such action is a natural person, the action may be brought in the county where such party lives." But we cannot suppose that the legislature, by this provision, intended to make any local action transitory. Section 14 of *c.* 90 directs that transitory actions, except in cases in which it is otherwise provided, shall be brought in the coun-

ty in which one of the parties lives.    Section 15 provides where an action may be brought, so far as it depends on the residence of parties, when there are two or more plaintiffs or defendants living in different counties.    Section 16 is added for the purpose of providing where actions may or shall be brought, when corporations are parties; and as they cannot, like natural persons, be said to live or reside in any county, another form of expression is adopted, in order to give them a species of locality, which, in determining the county where they may sue or be sued, shall be the same as the place of living or the residence of natural persons.    See *Raymond* v. *Lowell,* 6 Cush. 528, 529.    We think § 16 is confined, like § 14, to transitory actions, except in cases in which it is otherwise provided; and we know of no different provision concerning actions by or against railroad corporations.

Besides, if we were of a different opinion as to the construction of § 16, it would not help the plaintiffs; for the case does not show that they have, or ever had, any established or usual place of business, &c. in the county of Worcester.

*Demurrer overruled ; judgment for the defendants.*