### Sanborn *v.* Leavitt.

Where goods have been taken by a sheriff into his possession, by virtue of a writ of
replevin, they can not be taken from him by another writ of replevin, at common
law, nor by statute.

Replevin for certain beer barrels, to which the plaintiffs, S. T.
Sanborn, and others, claimed title by virtue of mortgages from
J. S. Brown & Co. It appeared that before the date of the plain-
tiffs' writ, one Kearney, claiming to be owner of the barrels, had
sued out a writ of replevin for the same against J. S. Brown & Co.,
and delivered it to the defendant, N. K. Leavitt, a deputy of the
sheriff of this county, to be served, and after Leavitt had taken the
barrels, and while he was engaged in removing them, this suit was
commenced against him. The court being of opinion that the
action could not be maintained, a verdict was taken by consent for
the defendant, subject to the opinion of the whole court upon the
case. And it was agreed that if judgment should be rendered upon
the verdict, the defendant's damages should be assessed by an
auditor and added to the verdict.

The plaintiffs offered to prove that the barrels belonged to them-
selves, for the purpose of reducing the damages to a nominal sum
only; and the questions arising upon this offer were reserved.

*A. Wood*, and *A. R. Hatch*, for the plaintiffs.

*J. Warren Towle*, and *D. Christie*, for the defendant.

Bell, C. J. It was decided long since in this State, that replevin
does not lie at common law against a sheriff, for property taken by
him on execution; *Kellogg* v. *Churchill*, 2 N. H. 412; *Melcher* v.
*Lamprey*, 20 N. H. 403; nor for goods taken upon valid mesne
process. *Smith* v. *Huntington*, 3 N. H. 76.

Before the passage of the Revised Statutes, the common law had
been modified in this respect by the legislature; and the Revised
Statutes, in the chapter on this subject (ch. 204), provide that
"when any goods, or chattels, attached on any writ of mesne pro-
cess, are claimed by any other person, he may maintain replevin
therefor." It is contended in the argument, that by the statute of
1825 (Laws, Ed. of 1830, 379), it was provided that "when any
goods or chattels shall be taken, distrained, or attached upon any
mesne process, which shall be claimed by any third person," the
claimant may replevy the same; that the Revised Statutes are but
an abridgement of this statute, not designed to change its opera-
tion; that the present is a case of taking under mesne process, and
falls within the terms of the former statute, and is equally embraced
within the meaning of the present law. But we are unable to adopt
this opinion. The omission of the terms "taken" and "dis-
trained," if they are understood to mean more than the word
"attached" (*Bell* v. *Bartlett*, 7 N. H. 188), can not have been made
without intending to limit the provision to the case of attachments.
And we understand the law to be so limited. It has then no appli-

cation to the present case. There is no such resemblance between the taking of property upon a writ of replevin, and an attachment, as to justify the idea that the legislature might have intended to apply the same rule to both. The writ of replevin requires the sheriff to take the property, not as in an attachment, for the purpose of retaining it, but for the sole purpose of forthwith delivering it to the plaintiff in replevin, who, by the very nature of the process, claims it as his own. When the property has been so delivered, it may be replevied at the suit of another claimant against the party (*Bell* v. *Bartlett; Illsley* v. *Stubbs,* 15 Mass. 280), since he holds this as he does any other property. But the law could not countenance so absurd a thing as to give to every party who claims the property the right to interfere and prevent the officer from doing what it is the purpose of the writ of replevin to require him 'to do. The property, while it is passing through the hands of the officer, is in the possession of the law, and the law could not be so inconsistent as to issue to its officers, compelled to act at their peril, commands wholly incompatible with each other. *Illsley* v. *Stubbs; Morris* v. *Dewitt,* 5 Wend. 71; *Watkins* v. *Page,* 2 Wis. 92; *Rhines* v. *Phelps,* 3 Gilm. 445; cited for the defendants.

It is said, if the action does not lie, there should be a non-suit; but this objection is without force where a verdict was taken by consent, especially as the form of the judgment will not affect the result.

We may presume that the case was tried upon an avowry, which would, if sustained, entitle the defendant to a judgment for the damages sustained by him, instead of the ancient judgment for a return. 7 N. H. 178. In the assessment of such damages, it seems clear that, in justice, the defendant ought not to recover any greater amount of damages than the plaintiff in the first suit was entitled to hold of the property attached. If he could rightfully hold no part of the property, he can claim nothing; and the officer is entitled to nominal damages, because his right has been infringed, and to nothing more. Generally, the defendant is entitled to the value of the property, provided he shows a right to it; but there is no rule which requires the court to award damages to which the party appears not to be entitled. And the case of an officer is but one instance of many where a party may be entitled to recover as bailee, on the ground of an infringement of his possessory right, where the general property is in a third person, to whom it appears he is no longer accountable, as, for instance, a party having a lien upon property, which is wrongfully taken from him, may maintain an action of replevin; but if before the assessment of damages, the debtor has paid his debt and retaken possession of the property, so that the bailee is no longer accountable to him, he can recover only nominal damages. Such would be the case of a receiptor for property attached, and many other cases. We think, then, that the evidence that the property belonged to the plaintiff, so that the officer could not be accountable to the plaintiff in the first writ, was proper to be received.

If the damages are not agreed, an auditor may be appointed, as stipulated in the case.