# NEW YORK SUPERIOR COURT.

HENRY HUENERMUND agt. THE ERIE RAILWAY COMPANY.

*Jurisdiction — trespass on real estate — land out of the state.*

This court has no jurisdiction of an action brought against a railroad company organized in this state for negligently causing sparks and burning wood to be thrown on the plaintiff's trees and plants, and setting fire to and burning and damaging the trees and plants growing on the lands of the plaintiff, in the state of New Jersey, and ruining and destroying them.

Trespass for injuries to real estate or its corporeal hereditaments, cannot be brought beyond the jurisdiction where the land is situated.

*Special Term, October*, 1874.

DEMURRER to complaint.

*Charles Wehle*, for plaintiff.

*Mr. McFarland*, for defendant.

SPEIR, *J.*—The plaintiff claims to be the owner of lands immediately adjacent to the Hackensack branch of the Erie Railway, situated in Bergen county, in the state of New Jersey, which lands were planted with, and used for the cultivation of, valuable trees and plants. That the defendant is a corporation organized under the laws of the state of New York, and is lessee of the railroad — the line called the "Hackensack Branch" of the Erie Railway — which was used and operated by the defendant exclusively. That the defendant, in running trains on this branch, negligently

Huenermund agt. Erie Railway Company.

caused sparks and burning wood to be thrown on the plaintiff's trees and plants, and set fire to, burned and damaged the trees and plants growing on the lands of the plaintiff, and ruined and destroyed them, and he claims damages to the amount of $5,000.

The plaintiff demurs that this court has no jurisdiction.

All the books agree, that, when the subject-matter in litigation is the ownership or possession of real estate, the action is essentially local, and the remedy must be sought in the state where the land is situated. It is also well settled, in accordance with this principle, that trespass for injuries to real estate cannot be brought beyond the jurisdiction where the land is situated, and that the difficulty or uncertainty of the remedy in the local forum will not authorize the courts of another state or district to entertain the suit.

It is an elementary principle in the law, that corporeal hereditaments are confined to land, which includes not only the ground or soil, but everything which is attached to the earth, whether by the course of nature — as trees, herbage and water — or by the hand of man, as houses and other buildings (3 *Kent's Com.*, 531, *citing Coke-Litt.*, 4 *a*). The king's bench, in *Donaldson* agt. *Matthews* (4 *Term. R.*, 503), held that an action could not lie in England for the expulsion of the plaintiff from his house in Canada.

The above principles furnish the answer to the plaintiff's case under all the aspects he claims, and these principles are carried out in the following cases: *Watts; adm'r*, agt. *King* (23 *Wend.*, 483); 6 *Hill*, 48; 2 *Denio*, 639; 6 *Gray (Mass)*, 122.

The defendant must have judgment on the demurrer, with costs.