RUNDLE v. GORDON.

(Supreme Court, Appellate Division, Third Department. March 8, 1898.)

1. SUBSTITUTION OF PARTIES—CASE TRANSFERRED FROM JUSTICE.

An action commenced in a county court on a discontinuance of an action in the justice court, because such action involved the title to land under Code Civ. Proc. §§ 2951, 2952, is an action originally commenced in the justice court, although a new summons and complaint is served in the upper court, so that section 820, providing for substitution of parties defendant, does not apply.

2. SAME.

Where an action commenced in justice court has been transferred to the county court, on the ground that the answer showed that title to realty would come in question, the defendant must set forth the same defense as that relied on below, under Code Civ. Proc. § 2957; and hence a motion before answering, presented for the first time, to substitute a person making a demand against defendant for the same debt as that sued on (section 820), must be denied.

3. SALE—ACTION FOR PRICE.

A vendee of personalty cannot, as a general rule, set up a defective title in his vendor, and notice of claim by a third person, as a defense to an action for the purchase money.

Appeal from Sullivan county court.

Action by George Rundle against Read Gordon. From an order denying defendant's motion to interplead a third person, defendant appeals. Affirmed.

This action was commenced in a justice's court of the county of Sullivan to recover a balance of $39.71 claimed to be due from the defendant to the plaintiff on a contract for the sale of stone. The defendant, in his answer in the justice's court, admitted the purchase of the stone from the plaintiff, and that the balance claimed to be due remained unpaid, but averred that the stone was quarried on land of one Amanda M. Bills, who had served a notice on him forbidding the payment of said balance to the plaintiff; that the plaintiff was not the owner of the stone so sold to the defendant, the same being the property of the said Amanda M. Bills; and that the title to real estate would come in question on the trial of said action. The defendant thereupon gave the undertaking required by section 2952 of the Code of Civil Procedure, and the action before the justice was discontinued. The plaintiff thereupon commenced an action in the county court of Sullivan county for the same cause of action. The defendant did not answer, but moved in said court, under the provisions of section 820 of the Code of Civil Procedure, for an order substituting the said Amanda M. Bills as a defendant

50 N.Y.S.—23

in his place on the payment by him to the county treasurer of said county of the sum of $39.71, the amount claimed by the plaintiff in his complaint. The motion was denied by the court below.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

John P. Roosa, Jr., for appellant.
William L. Thornton, for respondent.

PUTNAM, J. We are of the opinion that the provisions of section 820 of the Code of Civil Procedure are not applicable to an action originally commenced in a justice's court, and afterwards, on a plea of title, transferred to the county court. Such an action, when thus transferred, although in the county court a new summons and complaint is served, is regarded as "an action originally commenced in a court of a justice of the peace." Cook v. Nellis, 18 N. Y. 126. Under the provisions of the Code of Civil Procedure (sections 2951–2958), the action in the county court must be deemed the same action originally commenced before the justice and transferred to the county court.. The undertaking served with the answer in the justice's court must provide that, if the plaintiff within 20 days deposit with the justice a summons and complaint in the proper court for the same cause of action, the defendant will give a written admission of the service thereof. The party succeeding in the county court is entitled to recover the costs paid by him on the discontinuance of the action by him before the justice, and section 2957 of the Code of Civil Procedure provides that "in the new action to be brought after an action before a justice is discontinued by the delivery of an answer and an undertaking * * * the plaintiff must complain for the same cause of action only, upon which he relied before the justice, and the defendant's answer must set up the same defense only which he made before the justice." Under the provisions of this section, it has been held that, although the court to which such an action has been transferred may allow an amendment to the pleading in matters of form, it is not authorized to allow an amendment thereof in matters of substance. McGinnis v. Murphy, 23 Wkly. Dig. 215; People v. Albany Common Pleas, 19 Wend. 123. And if the pleadings in the court to which the action is transferred do not conform, in substance, to those interposed in the justice's court, the party injured may move to strike out the objectionable pleading. Tuthill v. Clark, 11 Wend. 642. In this case, the plaintiff having served a summons and complaint for the same cause of action for which he sought to recover before the justice under the provisions of section 2957, supra, the defendant was bound to serve an answer containing the same defense asserted by him in the court below. Had he served an answer containing any other defense than that interposed before the justice, the answer, or the objectionable part thereof, on motion of the plaintiff, would have been stricken out. Had he moved in the county court for leave to serve an answer containing any other defense, the court would not have been authorized to grant the motion. But the defendant in this motion made in the court below asked for more than a mere amendment to a pleading.

He sought to be relieved from the service of an answer, for leave to bring in a new party defendant, and for a discontinuance of the action as to himself. As the action must be deemed one originally commenced in a court of a justice of the peace, transferred from that court to the county court, where, under the provisions of the statute, it must be tried under the pleadings setting up the same cause of action and defense only asserted in the justice's court, it is evident that it must be continued between the same parties. As the county court would not by order allow a change in substance of the pleadings, it must be held that, under the provisions of the Code of Civil Procedure, it had no authority to allow a more important change,—the substitution of a new defendant,—the withdrawal of the defendant from the action, permission to omit the service of an answer, and the service of a new and original answer by the substituted defendant. We are also inclined to believe that the motion was properly denied by the court below, for the reason that the answer interposed before the justice did not aver any defense to the action. See McGiffin v. Baird, 62 N. Y. 329.

The order should be affirmed, with costs. All concur.