BARTLETT, J., reads for reversal; PARKER, Ch. J., reads memorandum concurring with BARTLETT, J., and HAIGHT, J., concurs for reversal.

Judgment affirmed.

KATIE SIDWELL, Respondent, *v.* ROBERT A. GREIG et al., Appellants.

APPEAL — ACTION TRANSFERRED FROM JUSTICE'S COURT ON ANSWER OF TITLE. The provision of the Code of Civil Procedure (§ 191, subd. 1), prohibiting an appeal to the Court of Appeals in an action commenced in any court other than the Supreme Court, unless allowed and certified ·by the Appellate Division, applies to an action originally commenced in a Justice's Court, discontinued there on the interposition of an answer of title, and thereupon prosecuted in the Supreme Court.

*Sidwell* v. *Greig.* 32 App. Div. 212, appeal dismissed.

(Argued October 3, 1898; decided October 11, 1898.)

MOTION to dismiss an appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered July 21, 1898, affirming a judgment in favor of plaintiff, entered upon a decision of the court at a Trial Term, a jury trial having been waived.

This action was brought to recover damages for an alleged trespass by the defendants upon a certain pond claimed to be possessed and controlled by the plaintiff.

The grounds of the motion and the facts, so far as material, are stated in the opinion.

*Charles H. Stage* for motion. The Court of Appeals has no jurisdiction of this appeal and it should be dismissed. (Code Civ. Pro. §§ 190, 191; Code Pro. § 11; *Brown* v. *Brown,* 6 N. Y. 106; *Cook* v. *Nellis,* 18 N. Y. 126; *Pugs-*

*ley* v. *Kesselburgh,* 7 How. Pr. 402 ; *Wiggins* v. *Tallmadge,* 7 How. Pr. 404.)

*Daniel B. Thompson* opposed.

GRAY, J.   The respondent moves to dismiss the appeal taken to this court in this action, upon the ground that it was commenced in a Justice's Court and that no allowance of an appeal was made by the Appellate Division of the Supreme Court, or a certificate that, in its opinion, a question of law is involved which ought to be reviewed by the Court of Appeals.

It appears that upon the action being commenced in a court of a justice of the peace, the defendants filed with the justice an answer, in which they set forth that the title to real property would come in question, and an undertaking to admit service of a summons and complaint in a new action for the same cause.   Thereupon, the action in the Justice's Court was discontinued and the plaintiff filed with the justice of the peace a summons and complaint in an action in the Supreme Court for the same cause of action ; the answer which the defendants had filed in the Justice's Court being considered to be their answer in the new action.   These proceedings were had under the Code of Civil Procedure.   (Title III of chap. 19.)   Then the action proceeded to trial and a judgment was recovered by the plaintiff; which, upon appeal to the Appellate Division of the Supreme Court, in the third department, was there affirmed.   Thereafter, the defendants took an appeal to this court from the judgment of affirmance.

Section 191 of the Code of Civil Procedure, subdivision 1, upon which the plaintiff bases her motion for a dismissal of this appeal, prohibits an appeal to the Court of Appeals " in any civil action or proceeding commenced in any court other than the Supreme Court," unless it was allowed and a certificate given that there was a question of law which ought to be reviewed.   It constitutes an exception to the general right of appeal to that court, which is given by section 190.

Prior to the enactment of section 191 of the Code of Civil Procedure, section 11 of the Code of Procedure, from which it was derived, prohibited an appeal in an action originally commenced in a court of a justice of the peace and it received the construction that it applied to an action brought in the Justice's Court, though afterwards discontinued there and then brought and tried in the Supreme Court. The action which was brought in the higher court was regarded as a continuation of the action commenced in the Justice's Court. (*Pugsley* v. *Kesselburgh*, 7 How. Pr. R. 402; *Brown* v. *Brown*, 6 N. Y. 106; *Cook* v. *Nellis*, 18 N. Y. 126.) In *Brown* v. *Brown* (*supra*), the decision was to the effect that no appeal lies to this court from the judgment of the Supreme Court, in an action originally commenced in a Justice's Court and transferred thereout on a plea of title. In *Cook* v. *Nellis* (*supra*), the decision was to the effect, that an action commenced in the Supreme Court, upon the discontinuance of an action in a Justice's Court, involving the title to land, is " an action originally commenced in a court of the justice of the peace."

I think we are bound by such authority and are not at .liberty to say that under the present Code such an action as this was not commenced in another than the Supreme Court. The prohibition of section 11, of the former Code, and of section 191, of the present Code, is practically the same in expression and the description in title III of chapter 19 of the action, when transferred, as the " new action " does not prevent it being regarded as a continuance of the Justice's Court action. The action was commenced in another court than the Supreme Court, and it was transferred thereto by force of the statute and under the joint action of the parties. It is of considerable significance that section 191, as it originally read, in prohibiting an appeal to the Court of Appeals in an action commenced in a court of a justice of the peace, expressly provided that an action discontinued because the answer set forth matter showing that the title to real property came in question and afterwards prosecuted in another court, should not be

deemed to have been commenced in the court wherein the answer was interposed; but that, when the section came to be subsequently amended, by chapter 946 of the Laws of 1895, that provision was omitted, and has remained omitted in all subsequent amendments. This omission must be accorded the importance it deserves, as a clear indication of the legislative design to restrict the jurisdiction of this court, as it previously was restricted, and is in conformity with the general plan to limit appeals to this court.

The motion to dismiss the appeal should be granted, with costs.

All concur.

Motion granted.