WALTER R. EATON, Respondent, *v.* CHARLES W. HALL, Appellant.

*Change of venue where an action in the New York Municipal Court is brought, because of a plea of title, into the Supreme Court.*

Where an action brought in the Municipal Court in the city of New York, borough of Brooklyn, to recover damages for a trespass alleged to have been committed in the borough of Manhattan, is discontinued because the defendant set forth in his answer facts showing that the title to real property would come into question upon the trial and a new action is brought in the Supreme Court in Kings county, pursuant to the provisions of section 2953 of the Code of Civil Procedure, the defendant is not entitled, as a matter of right, to have the place of trial changed to the county of New York.

APPEAL by the defendant, Charles W. Hall, from an order of the Supreme Court, made at the Kings County Special Term, bearing date the 19th day of June, 1902, and entered in the office of the

clerk of the county of Kings, denying the defendant's motion to change the place of trial of the action from the county of Kings to the county of New York.

*Lemuel Skidmore,* for the appellant.

*Walter R. Eaton* and *W. S. Armstrong,* for the respondent.

HIRSCHBERG, J.:

The action was brought in the Municipal Court of the city of New York, borough of Brooklyn, to recover damages for a trespass alleged to have been committed in the borough of Manhattan. The defendant having in his answer set forth facts showing that the title to real property would come in question upon the trial, the action was discontinued in the Municipal Court, and a "new action" brought pursuant to the provisions of section 2953 of the Code of Civil Procedure. The new action was brought in the Supreme Court in Kings county. The defendant with his answer duly served a demand that the place of trial be changed to New York county as the proper county, and the plaintiff not consenting to such change a motion was made by the defendant for an order making the change, and from the order denying such motion this appeal is taken.

No question is raised but that the defendant would be entitled, as a matter of right, to the relief sought, had the action been originally commenced in the Supreme Court. But it is insisted that, inasmuch as it was commenced in the Municipal Court in the territory comprising Kings county, the new action must be tried in that county as an action originally commenced in the lower court, and not subject to the provisions of the Code relating to the change of venue. The contention seems to be supported by authority.

In *Cook* v. *Nellis* (18 N. Y. 126) it was held that an action commenced in the County Court or Supreme Court under sections 55 and 56 of the Code of Procedure, upon the discontinuance of an action in Justice's Court involving the title to land, is an action originally commenced in a court of a justice of the peace. In *Brown* v. *Brown* (6 N. Y. 106) it was held that no appeal lies to the Court of Appeals from a judgment rendered in the Supreme Court in such an action. In the recent case of *Sidwell* v. *Greig* (157 N. Y. 30), followed in *Camacho* v. *Hamilton Bank Note, Engraving &*

*Printing Co.* (158 id. 663), it was held that the designation of the action as a " new action " in the Code of Civil Procedure did not change the origin of the suit so as to enlarge the remedy by appeal, and accordingly that an action commenced in Justice's Court, but prosecuted in the Supreme Court because of the interposition of an answer of title, was not appealable to the Court of Appeals. " The action," said the court (p. 32), " was commenced in another court than the Supreme Court, and it was transferred thereto by force of the statute, and under the joint action of the parties."

In *Rundle* v. *Gordon* (27 App. Div. 452) it was held that the provisions of section 820 of the Code of Civil Procedure were not applicable to such an action, and that the County Court, to which the action was transferred, could not order an interpleader.

The provisions of the Code of Civil Procedure (§ 982 *et seq.*) prescribing the proper county for a trial and authorizing a removal in case such county is not designated in the complaint have no application to actions brought in Justice's Court or in the Municipal Court. In *Graves* v. *McKeon* (2 Den. 639) it was held that although trespass *quare clausum fregit* is a local action, and when originally prosecuted in the Supreme Court or in a Court of Common Pleas must be brought in the county where the land is situated, yet such action may be brought in a Justice's Court of a different county from that in which the land lies, and that in such case the appellate jurisdiction of the Common Pleas, where a cause is brought into that court by certiorari, is not affected by the local character of the original action.

*Lapham* v. *Rice* (55 N. Y. 472) was an action against public officers brought in another county under a statute (2 R. S. 353, § 14, as amd. by Laws of 1843, chap. 201) which provided " that actions brought by the county or town officers of one county in their official capacity against the county or town officers of another county in their official capacity shall be laid in some county adjoining the county of the defendants, except the county of the plaintiffs," and it was held that the proviso was not applicable to Justices' Courts. The court said (p. 476): " The language of the proviso shows that it was not intended to apply to Justices' Courts. It provides, not that the action shall be *brought*, but that it shall be *laid* in an adjoining county to that of the defendant other than

that of the plaintiff. This evidently refers to cases where the plaintiff or the court have the power to fix the venue or place of trial in the county designated, and the effect of the proviso is to restrict this right of designation to some county adjoining that of the defendant, other than that of the plaintiff. This clearly has no application to Justices' Courts, in which there is no such right of designation, but jurisdiction of the persons depends entirely upon the residence or presence of the parties not in the county, but in particular towns. This construction is not entirely unsustained by judicial authority. At common law an action of trespass for an injury to real estate was local, and could only be tried in the county where the real estate was situated. In *Graves* v. *McKeon* (2 Denio, 639) it was held that this rule had no application to Justices' Courts. That the action might be brought before *a justice of another county*, and, in case of *a plea of title* or an appeal, the Court of Common Pleas of the county where the action.was brought would have jurisdiction."

In *La Rue* v. *Smith* (153 N. Y. 428) the appeal was disposed of upon the merits as the " fairest way " under the circumstances, although Judge O'BRIEN considered that the title to real estate had not come in question, and the action could, therefore, be properly treated for all purposes as one originally commenced in the Supreme Court.

The question of the general power of the Supreme Court in the premises is not considered, nor is the right to a change of the place of trial for the convenience of witnesses or for any other cause than that under consideration involved. All that is decided is that the effect of section 2953 is to require the " new action " to be brought at the plaintiff's election either in the Supreme Court or the County Court of the justice's county, and that when it is brought in the Supreme Court the defendant has no absolute right to the prosecution of the action, under the circumstances of this case, in the county where the real estate is situated.

The order should be affirmed.

GOODRICH, P. J., BARTLETT and WOODWARD, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.