STINSON v. EDGEWATER SAWMILLS CO.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

WHARVES (§ 21*)—DUTY TO MAINTAIN—PERSONAL INJURIES.

One in control of a pier owes to those lawfully using it the duty of keeping it in a safe condition for use, so that a sawmill company in control of a pier is liable for injuries sustained by a federal customs inspector, who was on a vessel landing at the pier to compel the payment of duty on goods unloaded, by stepping through a loose plank on the pier, if the condition of the plank was negligence.

[Ed. Note.—For other cases, see Wharves, Cent. Dig. §§ 44–49; Dec. Dig. § 21.*]

Burr, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by John F. Stinson against the Edgewater Sawmills Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Thomas J. Surpless, for appellant.
Benjamin C. Loder, for respondent.

HIRSCHBERG, P. J. The action is to recover damages for personal injuries sustained by the plaintiff on the night of January 26, 1909, while lawfully on a pier or wharf in the possession and under the control of the defendant at Tompkinsville, Staten Island. A vessel was engaged at the time in landing logs upon the pier, and the plaintiff, an inspector in the customs service of the federal government, was sent there to pass the night upon the vessel, there being dutiable goods on it, and to prevent such goods being landed without the payment of duty. The plaintiff was injured by falling through a three-inch thick plank while endeavoring to cross the pier in order to board the vessel. There is no evidence of fault on his part; but the complaint was apparently dismissed, and the judgment is sought to be supported, on the theory that the defendant owed him no active duty of care or protection, but only the avoidance of wanton and intentional harm. The plaintiff testified that the plank looked all right on top, but that he went through it when he stepped on it.

The judgment cannot be sustained. It is well settled that in the circumstances the defendant, as the occupant of the pier, owed to those using it by lawful right the duty of keeping it in a safe condition, so that it might be used without the risk of injury. This was held in Swords v. Edgar et al., 59 N. Y. 28, 31, 17 Am. Rep. 295, and very often since. The court said, in reference to the pier in that case:

"Though private property, it was held as such for public objects. There is an implied license to vessels upon navigable waters to enter and occupy piers built into or lying adjacent to such waters, in the manner and for the purposes contemplated by their erection. The keeping of such a pier is likened to the keeping of an inn; and a general license is given to all persons to occupy it for lawful and accustomed purposes. Heaney v. Heeney, 2 Denio, 625. One prime purpose is for the vessel to discharge its cargo thereupon. As it may not discharge its cargo without the aid of laborers, all persons hired and acting as such are upon the pier by right for a lawful purpose. The owner or occupant of a pier may terminate this general license, or may withhold permission to enter from a particular person. Id.; Bogert v. Haight, 20 Barb. 251. There is no pretense that in this case there had been such action. The piers in New York City are not different in these respects from those elsewhere. Murray v. Sharp, 1 Bosw. 539. See, also, Stevens v. Rhinelander, 5 Rob. 285. As we said in Clancy v. Byrne, 56 N. Y. 129, 15 Am. Rep. 391, it is not necessary for the purposes of this case to declare that this pier was a public place or highway. It was, however, thrown open for entrance upon by all persons of the calling of the intestate. By the use to which it was put by the tenants and occupants (a use which was contemplated and intended by them and their lessors), from which a profit to them was directly or indirectly derived, and which persons of the calling of the intestate aided, there was

a license and an invitation given to him to come and go over this pier, and to remain thereon in the following of his employment. And thus, when the injury occurred to him, he was lawfully there in his avocation."

In Newall v. Bartlett, 114 N. Y. 399, 21 N. E. 990, it was held that the occupant or lessee of a dock or pier at which vessels are allowed or invited to make fast for the purpose of dismissing or receiving passengers or freight is bound to keep and maintain the same in a reasonably safe condition and free from defects to those engaged or employed in carrying on such business.

In Sterger v. Van Sicklen, 132 N. Y. 499, 30 N. E. 987, 16 L. R. A. 640, 28 Am. St. Rep. 594, the general principle was recognized that one who enters upon the premises of another, upon lawful business, by the express or implied invitation of the proprietor, has a right to believe that, taking reasonable care himself, all reasonable care has been used by the owner to protect him, so that no injury may occur, and as to him the owner is chargeable with the duty of exercising that degree of care.

The case of Birch v. City of New York, 190 N. Y. 397, 83 N. E. 51, 18 L. R. A. (N. S.) 595, cited by the respondent, has no application, as in that case the deceased was held to have been a mere licensee. The case of Downes v. Elmira Bridge Co., 179 N. Y. 136, 71 N. E. 743, also cited by the respondent, is not in point; the injury in that case resulting from dangerous work then obviously in progress upon the pier. It was held that the disturbed condition of the premises due to the work operated as a revocation of the implied invitation to the public to use the wharf as a place of safety. That case also differs from the one at bar in the fact that the danger was occasioned and the injury resulted from the nature of the work carried on, and not from the dangerous and neglected condition of the pier itself.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur, except BURR, J., who dissents.